UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WISNEFSKI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MICKEY GROUP INC., ALEX RABENS, and HAMPTON LUMBER,<br><br>　　　　　Defendants. | Case No. 1:23-cv-04984 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Mickey Group Inc. and Alex Rabens, through counsel, hereby remove to this Court the state-court action described below.

1. On June 13, 2023, Plaintiff Michael Wisnefski filed in the Circuit Court of Cook County, Illinois a five-count complaint, captioned *Michael Wisnefski v. Mickey Group Inc. et al.*, No. 2023CH05627. A true and accurate copy of the state-court complaint and all other process, pleadings, and orders with which Defendants have been served are attached hereto as **Exhibits A** (complaint), **B** (exhibit attached to the complaint), **C** (summons), and **D** (waiver of service request).

2. A copy of the online state-court docket for this case (downloaded on July 31, 2023) is attached as **Exhibit E**.

3. The complaint asserts claims for (1) violation of the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.*, against Defendant Mickey Group, (2) violation of the IWPCA against Defendant Rabens, (3) breach of contract against Defendant Mickey Group, (4) interpleader against Defendants

Mickey Group and Hampton Lumber, and (5) constructive trust against Defendant Mickey Group.

4. The first date on which Defendants Mickey Group and Rabens received a copy of the complaint was June 29, 2023, when they received an email from Plaintiff's counsel attaching the complaint and summons, and requesting waiver of service. (*See* Ex. D at 3); *see also* 735 ILCS 5/2-213. Defendants Mickey Group and Rabens agreed to waive service. (**Ex. F**.)

5. This removal is timely under 28 U.S.C. § 1446(b) because it is within 30 days of the date Defendants Mickey Group and Rabens received the complaint and is also within 30 days of the date on which Defendants Mickey Group and Rabens first had notice that the case was removable. *See also* Fed. R. Civ. P. 6(a)(1).

6. This Court has original jurisdiction over this action under 28 U.S.C. § 1332 pursuant to the Court's diversity jurisdiction. This action may be removed to this Court by Defendants pursuant to the provisions of § 1441 because it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs. The grounds for removal of this action are:

    a. As indicated in the complaint, Plaintiff is a citizen of Illinois. (Compl. ¶ 1.)

    b. At the time of the commencement of this action and at all times since, Defendant Mickey Group was and is a Delaware corporation, with its principal place of business located in New York, New York. (*See id.* ¶ 2.)

c. At the time of the commencement of this action and at all times since, Defendant Rabens was and is a citizen of New York. (*See id.* ¶ 3.)

d. At the time of the commencement of this action and at all times since, Interpleader Defendant Hampton Lumber (which is an assumed business name of Hampton Resources, Inc.) was and is an Oregon corporation with its principal place of business in Portland, Oregon. (*See id.* ¶ 4.)

e. More than $75,000, exclusive of interest and costs, is in controversy in this action. First, the complaint plainly alleges that over three times this amount (specifically, $235,731.77) is at issue regarding Plaintiff's interpleader claim. (Compl. ¶ 56.)

f. Second, more than $75,000, exclusive of interest and costs, is separately in controversy with regard to Plaintiff's wage and contract claims against Defendants Mickey Group and Rabens. The complaint does not specify the monetary damages sought for these claims (other than the general statement required by Illinois Supreme Court Rule 222 that the cause of action as a whole exceeds $50,000). But in the "Information about the lawsuit" section of the summons, Plaintiff wrote exactly "$75,000.00" under "Amount claimed." (Ex. C at 3); *see Ullman v. Safeway Ins. Co.*, 995 F. Supp. 2d 1196, 1215 (D.N.M. 2013) ("[T]he plaintiff's estimate of its claim is a proper means of supporting the allegations in the notice of removal.").

g. Defendants Mickey Group and Rabens have a good-faith basis to assert that at least one more penny is in controversy here. The IWPCA includes a statutory damages provision allowing a successful plaintiff to recover "the amount of

any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 115/14. It also provides that a successful plaintiff may "recover costs and all reasonable attorney's fees." *Id.* Plaintiff's complaint requests both statutory damages and attorney's fees under this section of the IWPCA. (Compl. ¶¶ 35, 46.) Because these are explicitly provided for by statute, they may be included in the amount in controversy and added to Plaintiff's estimate. *Brandt v. Bhd.'s Relief & Comp. Fund*, No. 07 C 2204, 2007 WL 9815742, at *2 (N.D. Ill. July 24, 2007).

   h. Relatedly, "[w]hen attorneys' fees that have already been incurred are sought as part of the underlying claim, . . . they are properly considered as part of the amount in controversy." *Bank of Am., N.A. v. Oberman, Tivoli & Pickert, Inc.*, 12 F. Supp. 3d 1092, 1098 (N.D. Ill. 2014). Plaintiff's counsel has undoubtedly incurred more than one cent's worth of fees in preparing the complaint, thus further establishing that the amount-in-controversy requirement has been satisfied at the time of removal.

   i. Alternatively, the Court may exercise supplemental jurisdiction over the non-interpleader claims, as they arise out of the same case or controversy as the interpleader claim. *See* 28 U.S.C. § 1367(a).

  7. Written notice of the filing of this Notice of Removal will be given to Plaintiff as required by law.

8. Interpleader Defendant Hampton Lumber has not yet been served in the state-court action. Thus, it need not join this Notice of Removal. *See* 28 U.S.C. § 1446(b)(2)(A); *Davis v. Averitt Express, Inc.*, No. CIV A 06 C 5793, 2006 WL 3883322, at *2 (N.D. Ill. Dec. 28, 2006).

9. In any event, on July 21, 2023, the undersigned counsel for Mickey Group and Rabens spoke with counsel for Hampton Lumber, who stated that Hampton Lumber consents to the filing of this Notice of Removal.

10. A true copy of this Notice of Removal will be filed in the Clerk's Office of the Circuit Court of Cook County, Illinois.

WHEREFORE, Defendants Mickey Group and Rabens hereby remove this action from the Circuit Court of Cook County to this Court.

Filed: July 31, 2023

Respectfully Submitted,

MICKEY GROUP INC. and ALEX RABENS

By: /s/ *Benjamin S. Morrell*
Benjamin S. Morrell (ARDC No. 6341896)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
bmorrell@taftlaw.com

*Counsel for Defendants Mickey Group Inc. and Alex Rabens*