# EXHIBIT A

Hearing Date: 10/11/2023 9:30 AM
Location: Court Room 2008
Judge: Calendar, 9

Case: 1:23-cv-04984 Document #: 12-1 Filed: 07/31/23 Page 2 of 13 PageID #:76

FILED
6/13/2023 1:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023CH05627
Calendar, 9
23123540

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CHANCERY DIVISION

| | | |
|---|---|---|
| MICHAEL WISNEFSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  **2023CH05627** |
| | ) | |
| MICKEY GROUP INC., | ) | |
| ALEX RABENS, | ) | |
| and HAMPTON LUMBER, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff, MICHAEL WISNEFSKI ("Michael") by and through his

attorneys, GALARNYK & ASSOCIATES, LTD., and complains against Defendants, MICKEY

GROUP INC., a New York Corporation ("Mickey Group" or the "Company"), ALEX RABENS

("Alex"), and HAMPTON LUMBER, an Oregon corporation ("Hampton") as follows:

## NATURE OF THE CASE

This is an action for unpaid compensation. Michael was employed as President of Mickey

Group, a commoditech platform. In early 2023, Michael was fired without explanation via text

message. Following his termination, Mickey Group cut off all communications with Michael and

failed to issue his final compensation. In addition to withholding his earned compensation,

Mickey Group failed to make a severance payment that the parties expressly agreed to in

Michael's written offer letter. This action follows.

## PARTIES

1.      Plaintiff Michael Wisnefski was formerly employed by Mickey Group as President.

Michael resides and was employed by Mickey Group in Chicago, Illinois.

FILED DATE: 6/13/2023 1:43 PM 2023CH05627

2.       Defendant Mickey Group is a New York corporation with its principal place of business located in New York, New York.

3.       Defendant Alex Rabens is Mickey Group's CEO. Michael reported directly to Alex. Upon information and belief, Alex resides in New York, New York.

4.       Interpleader Defendant Hampton Lumber is an Oregon-based lumber company. Upon information and belief, Hampton Lumber is an Oregon corporation.

## VENUE

5.       Venue in Cook County is proper in accordance with 735 ILCS 5/2-101, as the transactions at issue took place in this County.

## STATEMENT OF FACTS

### *i. Background*

6.       Michael is a financial professional with substantial experience in the field of commodity markets and trading.

7.       On or about August 1, 2022, Mickey Group merged with Michael's former company, Materials Xchange, LLC, a digital marketplace for buying and selling raw materials.

8.       On or about August 16, 2022, Michael signed a written employment offer letter setting forth the terms of his employment and compensation (the "Agreement"), a true and correct copy which is attached hereto, incorporated herein and marked as Exhibit "A."

9.       Under the terms of his employment, Michael performed his employment duties remotely, in Chicago, or in Mickey Group's presumed Chicago office. *Ex. A.*

10.       The Defendants knowingly employed Michael to act as Mickey Group's President out of Illinois.

11.       The Defendants actively managed Michael's employment in Illinois.

2

12. The Defendants regularly communicated and interacted with Michael in Illinois, regularly sent and received correspondence to and from Illinois for the purpose of conducting Mickey Group's business, and, until recently, regularly paid Michael in Illinois to conduct Mickey Group's business.

13. Michael's compensation package included an annual salary, annual bonus, severance, and retirement benefits, among other things.

14. Specifically, the Parties agreed that if Michael was terminated without cause, as determined by Illinois law, then he would be entitled to a severance payment, payable semi-monthly, equal to three-months of his most-recent salary. *Ex. A.*

15. Michael served as Mickey Group's President for approximately seven months until March 31, 2023, when he was fired by Mickey Group's CEO, Alex, via text message.

16. No cause or explanation was ever provided for Michael's termination.

17. Thereafter, Mickey Group cut off all communications with Michael.

*ii. Michael's Unpaid Compensation*

18. Prior to his termination, Michael received his wage payments from Mickey Group by direct deposit.

19. After his termination, Mickey Group failed and refused to pay Michael any first quarter commissions for 2023, although he was employed to the end of the quarter.

20. Additionally, because he was terminated without cause under the terms of the Agreement, Michael is owed a severance payment equal to three-months of his regular salary. *Ex. A.*

21. Following his termination, Michael repeatedly contacted Mickey Group to request his final compensation due under the Agreement.

3

*iii. The unexpected deposit.*

22.     In May of 2023, approximately a month and a half after his termination, Michael was reviewing his bank account activity and noticed an unexpected transaction.

23.     For reasons unknown, a deposit was made into the bank account of Michael's prior company, MaterialsXchange, LLC, in the amount of $235,731.77.

24.     The deposit appears to have originated from Hampton, who was a customer of MaterialsXchange and then Mickey Group.

25.     Michael does not know why these funds were deposited into the MaterialsXchange account.

26.     Michael fears incurring liability if he attempts to take any action with respect to these funds, as he has no documentation to determine to whom they belong, and he does not want to be the arbiter of any claims, issues, or disputes between his former employer and any other party.

## COUNT I – VIOLATION OF THE ILLINOIS
## WAGE PAYMENT & COLLECTION ACT
### Against Defendant Mickey Group

27.     Michael adopts and incorporates each numbered paragraph above as though fully restated herein.

28.     At all times relevant hereto, there existed a statute, 820 ILCS 115/1 *et seq*., known as the Illinois Wage Payment and Collection Act (the "Wage Payment Act").

29.     At all times relevant hereto, Mickey Group was Michael's employer as defined by the Wage Payment Act and Illinois law.

30.     The Wage Payment Act Provides, in Section 5:

Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly

4

FILED DATE: 6/13/2023 1:43 PM   2023CH05627

scheduled payday for such employee. Where such employee requests in writing that his final compensation be paid by check and mailed to him, the employer shall comply with this request.

Unless otherwise provided in a collective bargaining agreement, whenever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time earned in accordance with such contract of employment or employment policy, the monetary equivalent of all earned vacation shall be paid to him or her as part of his or her final compensation at his or her final rate of pay and no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation.

31.    The Wage Payment Act defines "final compensation" as:

Wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties.

32.    Michael had an agreement with Mickey Group wherein he would receive an annual salary, annual bonus, quarterly commissions, benefits, and an agreed severance payment in the event he was terminated without cause.

33.    Under the terms the Employment Agreement, Michael is owed final compensation equal to:

a.  Contractual severance equal to three-months of his current base salary;

b.  Quarterly Bonus Payment for the first quarter of 2023; and,

c.  Other benefits and earned compensation to be proven at trial.

34.    Mickey Group failed and refused to pay Michael's final compensation.

35.    As a direct and proximate result, Michael has been damaged in an amount equal to his agreed, unpaid compensation, benefits, salary, and other damages to be proven at trial.

WHEREFORE, Plaintiff, MICHAEL WISNEFSKI, respectfully requests that this honorable Court:

FILED DATE: 6/13/2023 1:43 PM   2023CH05627

A.  Enter judgment in his favor and against Defendant Mickey Group in an amount to be proven at trial;

B.  Award Michael's reasonable attorneys' fees and costs incurred to recover his unpaid compensation pursuant to Section 14 of the Wage Payment Act;

C.   Award additional, statutory damages of "5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid" as provided in Section 14 of the Wage Payment Act; and

D.   Grant any and all other relief deemed appropriate under the circumstances.

### COUNT II – VIOLATION OF THE ILLINOIS WAGE PAYMENT & COLLECTION ACT
#### Against Defendant Alex Rabens, individually

36.     Michael adopts and incorporates each numbered paragraph above as though fully restated herein.

37.     The Wage Payment Act Provides, in Section 13:

In addition to an individual who is deemed to be an employer pursuant to Section 2 of this Act, any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation.

38.     Alex is the CEO of Mickey Group, and he has held that position at all times relevant hereto.

39.     Pursuant to the Agreement, Michael was to report directly to Alex.

40.     Upon information and belief, Alex is one of the primary decision makers behind Mickey Group's employment decisions and operation.

41.     Alex is an officer and agent of Mickey Group.

FILED DATE: 6/13/2023 1:43 PM    2023CH05627

42.    Michael tried communicating with Alex multiple times via email and text message regarding his employment status and unpaid compensation.

43.    Alex knowingly permitted Mickey Group to violate the Wage and Payment Act in one or more of the following ways:

    A.  By ignoring Michael's communications regarding his employment;

    B.  By failing and refusing to pay Michael the compensation he was due;

    C.  By failing and refusing to take action within his power to ensure that Michael received the compensation he was due; and,

    D.  In other ways to be proven at trial.

44.    As a result, Alex, individually, is deemed to be an "employer" under the Wage Payment Act.

45.    As Michael's employer, Alex violated the Wage Payment Act in one or more of the ways identified in the Statement of Facts and Counts I and II above.

46.    As a direct and proximate result, Michael has been damaged in an amount equal to his agreed, unpaid compensation, benefits, salary, and other damages to be proven at trial.

    WHEREFORE, Plaintiff, MICHAEL WISNEFSKI, respectfully requests that this honorable Court:

    A.  Enter judgment in his favor and against Defendant Alex Rabens in an amount to be proven at trial;

    B.  Award Michael's reasonable attorneys' fees and costs incurred to recover his unpaid compensation pursuant to Section 14 of the Wage Payment Act;

    C.   Award additional, statutory damages of "5% of the amount of any such underpayments for each month following the date of payment during which such

underpayments remain unpaid" as provided in Section 14 of the Wage Payment

Act; and

D.  Grant any and all other relief deemed appropriate under the circumstances.

### COUNT III – BREACH OF CONTRACT
**Against Defendant Mickey Group**

47.    Michael adopts and incorporates each numbered paragraph above as though fully

restated herein.

48.    Michael and Mickey Group entered into a valid and binding contract. *Ex. A*.

49.    Michael performed all of his obligations under the Agreement.

50.    Mickey Group breached the terms of the Agreement in one or more of the following

ways:

a.  By failing and refusing to pay Michael's Quarterly Bonus Payment for the first

quarter of 2021;

b.  By failing and refusing to pay Michael's severance; and

c.  In other ways to be proven at trial.

51.    As a direct and proximate result of Mickey Group's breach, Michael has been

damaged in an amount in an amount equal to his agreed, unpaid compensation, severance,

benefits, and other damages to be proven at trial.

WHEREFORE, Plaintiff, MICHAEL WISNEFSKI, respectfully requests that this

honorable Court enter judgment in his favor and against Defendant, MICKEY GROUP INC., in

an amount to be proven at trial, and grant such other relief as may be just and appropriate under

the circumstances.

FILED DATE: 6/13/2023 1:43 PM   2023CH05627

FILED DATE: 6/13/2023 1:43 PM   2023CH05627

## COUNT IV – INTERPLEADER

### As to Defendants Mickey Group and Hampton Lumber

55.     Michael adopts and incorporates each numbered paragraph above as though fully restated herein.

56.     In May of 2023, a deposit was made into the bank account of Michael's prior company, MaterialsXchange, LLC, in the amount of $ $235,731.77.

57.     The deposit appears to have originated from Hampton Lumber, who was a customer of MaterialsXchange and then Mickey Group.

58.     Michael does not know why these funds were deposited into the MaterialsXchange account.

59.     Michael fears incurring liability if he attempts to take any action with respect to these funds, as he has no documentation to determine to whom they belong, and he does not want to be the arbiter of any claims, issues, or disputes between his former employer and any other party.

60.     A court order will protect Michael from becoming an unwilling arbiter of the disposition of these funds, which were deposited into his account unsolicited and without explanation.

61.     Michael therefore requests leave to deposit these funds with the Clerk of Court until such time as the Court determines their proper disposition.

62.     WHEREFORE, Plaintiff, MICHAEL WISNEFSKI, respectfully that this honorable Court enter an order:

> A.  Allowing the deposit of such funds with the Clerk of the Circuit Court of Cook County, Illinois;
>
> B.  Determining the proper disposition of such funds;

9

FILED DATE: 6/13/2023 1:43 PM   2023CH05627

C.  Granting such further relief as may be just and appropriate under the
circumstances.

### COUNT V – CONSTRUCTIVE TRUST
**As to Defendant Mickey Group**

63.     Michael adopts and incorporates each numbered paragraph above as though fully
restated herein.

64.     If the Court determines that Mickey Group has a right to some or all of the funds that
were deposited into Michael's MaterialsXchange account, then Michael has an interest in these
assets, as he is owed substantial unpaid wages and other compensation by Mickey Group.

65.     These funds should be preserved, at least in the amount of Michael's wage and
contract claims, as Mickey Group's financial future is uncertain.

66.     If the Court determines that Mickey Group has a right to these funds, then protecting
and preserving at least the amounts owed to Michael will ensure that Mickey Group has sufficient
assets to satisfy its wage obligations.

67.     These amounts should be held in constructive trust for Michael's benefit to satisfy the
outstanding amounts owed to him by Mickey Group.

68.     WHEREFORE, Plaintiff, MICHAEL WISNEFSKI, respectfully that this honorable
Court enter an order:

A.  Depositing, holding, and maintaining the funds described herein with the Clerk
of Court until such time as Michael's claims against Mickey Group are
resolved;

B.  Issuing a pre-judgment attachment of amounts sufficient to satisfy Michael's
claims, in an amount to be determined by the Court;

10

FILED DATE: 6/13/2023 1:43 PM   2023CH05627

C.   Imposing a constructive trust as to all amounts owed to Michael by Mickey

Group; and

D.   Granting such further relief as may be just and appropriate under the

circumstances.

Respectfully submitted,
Plaintiff, MICHAEL WISNEFSKI

By: /s/ Andrew J. Cunniff, Esq.
     One of his Attorneys

Attorney Code: 27751
John D. Galarnyk, Esq.
Andrew J. Cunniff, Esq.
John A. Romanucci, Esq.
GALARNYK & ASSOCIATES, LTD.
55 West Monroe Street, Ste. 3600
Chicago, Illinois 60603
john@galarnykltd.com
andrew@galarnykltd.com
johnr@galarnykltd.com

11

FILED DATE: 6/13/2023 1:43 PM   2023CH05627

## <u>CERTIFICATE OF DAMAGES PURSUANT TO SUPREME COURT RULE 222</u>

Under the penalties as provided by law pursuant to 735 ILCS 5/1-109, I, Andrew J. Cunniff, state that I am one of the attorneys for the Plaintiff, Michael Wisnefski, in the above entitled cause of action seeking money damages, and state that this cause of action exceeds FIFTY THOUSAND DOLLARS ($50,000.00).

Andrew J. Cunniff, Esq.