## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL WISNEFSKI,<br><br>                    Plaintiff,<br><br>v.<br><br>MICKEY GROUP INC., ALEX RABENS, and HAMPTON LUMBER,<br><br>                    Defendants. | Case No. 1:23-cv-04984<br><br>District Judge Ellis<br><br>Magistrate Judge Kim |

### ANSWER OF DEFENDANTS MICKEY GROUP INC. AND RABENS

Defendants Mickey Group Inc. and Alex Rabens, through counsel, provide their answer and defenses to the complaint as follows. Any allegations contained in the complaint not specifically admitted herein are expressly denied.[1]

### NATURE OF THE CASE

This is an action for unpaid compensation. Michael was employed as President of Mickey Group, a commoditech platform. In early 2023, Michael was fired without explanation via text message. Following his termination, Mickey Group cut off all communications with Michael and failed to issue his final compensation. In addition to withholding his earned compensation, Mickey Group failed to make a severance payment that the parties expressly agreed to in Michael's written offer letter. This action follows.

**Answer:**    Defendants Mickey Group and Rabens admit that Plaintiff Wisnefski has filed this lawsuit seeking what he claims to be unpaid compensation, that Plaintiff Wisnefski is a former employee of Mickey Group, and that Mickey Group terminated his employment in early 2023. Defendants Mickey Group and

---

[1] Defendants Mickey Group and Rabens reproduce the complaint's headings and subheadings here, but in doing so, do not admit any allegations contained therein.

Rabens deny any remaining allegations of the unnumbered paragraph in the complaint's "Nature of the Case" section.

## PARTIES

1.      Plaintiff Michael Wisnefski was formerly employed by Mickey Group as President. Michael resides and was employed by Mickey Group in Chicago, Illinois.

**Answer:**      Defendants Mickey Group and Rabens admit the allegations of Paragraph 1.

2.      Defendant Mickey Group is a New York corporation with its principal place of business located in New York, New York.

**Answer:**      Defendants Mickey Group and Rabens admit that Mickey Group Inc.'s principal place of business is in New York, New York, and deny any remaining allegations of Paragraph 2. Mickey Group is a Delaware corporation.

3.      Defendant Alex Rabens is Mickey Group's CEO. Michael reported directly to Alex. Upon information and belief, Alex resides in New York, New York.

**Answer:**      Defendants Mickey Group and Rabens admit that Rabens is Mickey Group's CEO and that Rabens resides in New York, New York. Defendants Mickey Group and Rabens also admit that during his employment with Mickey Group, Plaintiff Wisnefski reported to the company's Chief Executive Officer (Rabens) and that the Chief Technology Officer and Controller were also authorized to assign duties to Plaintiff Wisnefski. Defendants Mickey Group and Rabens deny any remaining allegations of Paragraph 3.

4.      Interpleader Defendant Hampton Lumber is an Oregon-based lumber company. Upon information and belief, Hampton Lumber is an Oregon corporation.

**Answer:** Defendants Mickey Group and Rabens admit that Hampton Lumber is an Oregon-based lumber company and deny any remaining allegations of Paragraph 4. Hampton Lumber is an assumed business name of Hampton Resources, Inc., which is an Oregon corporation with its principal place of business in Portland, Oregon.

## VENUE

5. Venue in Cook County is proper in accordance with 735 ILCS 5/2-101, as the transactions at issue took place in this County.

**Answer:** Defendants Mickey Group and Rabens admit that venue in Cook County was proper at the time Plaintiff Wisnefski filed his complaint in state court, but assert that venue in this Court is proper as this case has been properly removed to federal court. Defendants Mickey Group and Rabens deny any remaining allegations of Paragraph 5.

## STATEMENT OF FACTS

### *i.    Background*

6. Michael is a financial professional with substantial experience in the field of commodity markets and trading.

**Answer:** Defendants Mickey Group and Rabens deny the allegations of Paragraph 6.

7. On or about August 1, 2022, Mickey Group merged with Michael's former company, Materials Xchange, LLC, a digital marketplace for buying and selling raw materials.

**Answer:** Defendants Mickey Group and Rabens admit that on or about August 1, 2022, Mickey Group acquired the assets of Materials Xchange, LLC, which

was previously owned by Plaintiff Wisnefksi. Defendants Mickey Group and Rabens

deny any remaining allegations of Paragraph 7.

8.     On or about August 16, 2022, Michael signed a written employment offer
letter setting forth the terms of his employment and compensation (the "Agreement"),
a true and correct copy which is attached hereto, incorporated herein and marked as
Exhibit "A".

**Answer:**     Defendants Mickey Group and Rabens admit that Exhibit A to

the complaint describes some terms of Plaintiff Wisnefski's employment and that his

signature appears on the last page. Defendants Mickey Group and Rabens deny any

remaining allegations of Paragraph 8.

9.     Under the terms of his employment, Michael performed his employment
duties remotely, in Chicago, or in Mickey Group's presumed Chicago office. Ex. A.

**Answer:**     Defendants Mickey Group and Rabens admit that during his

employment with Mickey Group, Plaintiff Wisnefski was to perform his job duties

remotely, in Chicago, or in Mickey Group's presumed Chicago office. Defendants

Mickey Group and Rabens deny any remaining allegations of Paragraph 9.

10.     The Defendants knowingly employed Michael to act as Mickey Group's
President out of Illinois.

**Answer:**     Defendants Mickey Group and Rabens admit that Mickey Group

employed Plaintiff Wisnefski in the position of President, and that during his

employment, Plaintiff Wisnefski was to perform his job duties primarily while

physically present in Illinois. Defendants Mickey Group and Rabens deny any

remaining allegations of Paragraph 10.

11.     The Defendants actively managed Michael's employment in Illinois.

4

**Answer:** Defendants Mickey Group and Rabens admit that that during his employment with Mickey Group, Plaintiff Wisnefski was to perform his job duties primarily while physically present in Illinois. Defendants Mickey Group and Rabens deny any remaining allegations of Paragraph 11.

12. The Defendants regularly communicated and interacted with Michael in Illinois, regularly sent and received correspondence to and from Illinois for the purpose of conducting Mickey Group's business, and, until recently, regularly paid Michael in Illinois to conduct Mickey Group's business.

**Answer:** Defendants Mickey Group and Rabens admit that that during his employment with Mickey Group, Plaintiff Wisnefski was to perform his job duties primarily while physically present in Illinois. Defendants Mickey Group and Rabens deny any remaining allegations of Paragraph 12.

13. Michael's compensation package included an annual salary, annual bonus, severance, and retirement benefits, among other things.

**Answer:** Defendants Mickey Group and Rabens admit that during Plaintiff Wisnefski's employment with Mickey Group, he received a salary. Defendants Mickey Group and Rabens deny any remaining allegations of Paragraph 13.

14. Specifically, the Parties agreed that if Michael was terminated without cause, as determined by Illinois law, then he would be entitled to a severance payment, payable semi-monthly, equal to three-months of his most-recent salary. Ex. A.

**Answer:** Defendants Mickey Group and Rabens admit that Exhibit A to the complaint contains a provision titled "Severance." Defendants Mickey Group and Rabens deny any remaining allegations of Paragraph 14.

15. Michael served as Mickey Group's President for approximately seven

months until March 31, 2023, when he was fired by Mickey Group's CEO, Alex, via text message.

**Answer:** Defendants Mickey Group and Rabens admit that Plaintiff Wisnefski was employed by Mickey Group in the position of President for approximately seven months and that Mickey Group terminated his employment. Defendants Mickey Group and Rabens deny any remaining allegations of Paragraph 15.

16. No cause or explanation was ever provided for Michael's termination.

**Answer:** Defendants Mickey Group and Rabens deny the allegations of Paragraph 16.

17. Thereafter, Mickey Group cut off all communications with Michael.

**Answer:** Defendants Mickey Group and Rabens deny the allegations of Paragraph 17.

*ii. Michael's Unpaid Compensation*

18. Prior to his termination, Michael received his wage payments from Mickey Group by direct deposit.

**Answer:** Defendants Mickey Group and Rabens admit that during Plaintiff Wisnefski's employment with Mickey Group, he received his salary primarily via direct deposit. Defendants Mickey Group and Rabens deny any remaining allegations of Paragraph 18.

19. After his termination, Mickey Group failed and refused to pay Michael any first quarter commissions for 2023, although he was employed to the end of the quarter.

**Answer:** Defendants Mickey Group and Rabens admit that Mickey Group did not pay Plaintiff Wisnefski any commissions during the first quarter of 2023 because he was not eligible to receive any such commissions—specifically, during this time, Plaintiff Wisnefski did not generate any sales for which commissions would have been paid. Defendants Mickey Group and Rabens deny any remaining allegations of Paragraph 19.

20. Additionally, because he was terminated without cause under the terms of the Agreement, Michael is owed a severance payment equal to three-months of his regular salary. Ex. A.

**Answer:** Defendants Mickey Group and Rabens deny the allegations of Paragraph 20.

21. Following his termination, Michael repeatedly contacted Mickey Group to request his final compensation due under the Agreement.

**Answer:** Defendants Mickey Group and Rabens admit that after Plaintiff's Wisnefski's employment with Mickey Group ended, he contacted Mickey Group and Rabens several times. Defendants Mickey Group and Rabens deny any remaining allegations of Paragraph 21.

*iii. The unexpected deposit.*

22. In May of 2023, approximately a month and a half after his termination, Michael was reviewing his bank account activity and noticed an unexpected transaction.

**Answer:** Defendants Mickey Group and Rabens lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 22, and therefore deny them.

23.    For reasons unknown, a deposit was made into the bank account of Michael's prior company, MaterialsXchange, LLC, in the amount of $235,731.77.

**Answer:**    Defendants Mickey Group and Rabens lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 23, and therefore deny them.

24.    The deposit appears to have originated from Hampton, who was a customer of MaterialsXchange and then Mickey Group.

**Answer:**    Defendants Mickey Group and Rabens lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 24, and therefore deny them.

25.    Michael does not know why these funds were deposited into the MaterialsXchange account.

**Answer:**    Defendants Mickey Group and Rabens lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 25, and therefore deny them.

26.    Michael fears incurring liability if he attempts to take any action with respect to these funds, as he has no documentation to determine to whom they belong, and he does not want to be the arbiter of any claims, issues, or disputes between his former employer and any other party.

**Answer:**    Defendants Mickey Group and Rabens lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 26, and therefore deny them.

COUNT I – VIOLATION OF THE ILLINOIS
WAGE PAYMENT & COLLECTION ACT
Against Defendant Mickey Group

27.    Michael adopts and incorporates each numbered paragraph above as though fully restated herein.

**Answer:**    Defendants Mickey Group and Rabens restate their answers to the allegations set forth in each of the above Paragraphs.

28.    At all times relevant hereto, there existed a statute, 820 ILCS 115/1 et seq., known as the Illinois Wage Payment and Collection Act (the "Wage Payment Act").

**Answer:**    Defendants Mickey Group and Rabens admit that the Illinois Wage Payment and Collection Act is a statute passed by the Illinois General Assembly prior to the events alleged in the complaint.

29.    At all times relevant hereto, Mickey Group was Michael's employer as defined by the Wage Payment Act and Illinois law.

**Answer:**    Paragraph 29 states a legal conclusion to which no response is required. To the extent a response is required, Defendants Mickey Group and Rabens admit the allegations of Paragraph 29.

30.    The Wage Payment Act Provides, in Section 5:

Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Where such employee requests in writing that his final compensation be paid by check and mailed to him, the employer shall comply with this request.

Unless otherwise provided in a collective bargaining agreement, whenever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having

taken all vacation time earned in accordance with such contract of employment or employment policy, the monetary equivalent of all earned vacation shall be paid to him or her as part of his or her final compensation at his or her final rate of pay and no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation.

**Answer:** Defendants Mickey Group and Rabens admit that Paragraph 30 accurately quotes the text of 820 ILCS 115/5, which is a part of the Illinois Wage Payment and Collection Act.

31. The Wage Payment Act defines "final compensation" as:

Wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties.

**Answer:** Defendants Mickey Group and Rabens admit that Paragraph 31 accurately quotes the definition of "final compensation" found in 820 ILCS 115/2, which is a part of the Illinois Wage Payment and Collection Act.

32. Michael had an agreement with Mickey Group wherein he would receive an annual salary, annual bonus, quarterly commissions, benefits, and an agreed severance payment in the event he was terminated without cause.

**Answer:** Defendants Mickey Group and Rabens admit that during Plaintiff Wisnefski's employment with Mickey Group, he was to receive a salary in exchange for performing his job duties. Defendants Mickey Group and Rabens deny any remaining allegations of Paragraph 32.

33. Under the terms the Employment Agreement, Michael is owed final compensation equal to:

a. Contractual severance equal to three-months of his current base salary;

10

      b.      Quarterly Bonus Payment for the first quarter of 2023; and

      c.      Other benefits and earned compensation to be proven at trial.

**Answer:**      Defendants Mickey Group and Rabens deny the allegations of Paragraph 33.

34.      Mickey Group failed and refused to pay Michael's final compensation.

**Answer:**      Defendants Mickey Group and Rabens deny the allegations of Paragraph 34

35.      As a direct and proximate result, Michael has been damaged in an amount equal to his agreed, unpaid compensation, benefits, salary, and other damages to be proven at trial.

WHEREFORE, Plaintiff, MICHAEL WISNEFSKI, respectfully requests that this honorable Court:

      A.  Enter judgment in his favor and against Defendant Mickey Group in an amount to be proven at trial;

      B.  Award Michael's reasonable attorneys' fees and costs incurred to recover his unpaid compensation pursuant to Section 14 of the Wage Payment Act;

      C.  Award additional, statutory damages of "5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid" as provided in Section 14 of the Wage Payment Act; and

      D.  Grant any and all other relief deemed appropriate under the circumstances.

**Answer:**      Defendants Mickey Group and Rabens admit that Plaintiff Wisnefski requests the relief described in Paragraph 35, specifically deny that he is entitled to any such relief, and deny any remaining allegations of Paragraph 35.

## COUNT II – VIOLATION OF THE ILLINOIS
## WAGE PAYMENT & COLLECTION ACT

### Against Defendant Alex Rabens, individually

36.     Michael adopts and incorporates each numbered paragraph above as though fully restated herein.

**Answer:**     Defendants Mickey Group and Rabens restate their answers to

the allegations set forth in each of the above Paragraphs.

37.     The Wage Payment Act Provides, in Section 13:

In addition to an individual who is deemed to be an employer pursuant to Section 2 of this Act, any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions of this Act shall be deemed to be the employers of the employees of the corporation.

**Answer:**     Defendants Mickey Group and Rabens admit that Paragraph 37

accurately quotes the text of 820 ILCS 115/13, which is a part of the Illinois Wage

Payment and Collection Act.

38.     Alex is the CEO of Mickey Group, and he has held that position at all times relevant hereto.

**Answer:**     Defendants Mickey Group and Rabens admit the allegations of

Paragraph 38.

39.     Pursuant to the Agreement, Michael was to report directly to Alex.

**Answer:**     Defendants Mickey Group and Rabens admit that during his

employment with Mickey Group, Plaintiff Wisnefski reported to the company's Chief

Executive Officer (Rabens) and that the Chief Technology Officer and Controller were

also authorized to assign duties to Plaintiff Wisnefski. Defendants Mickey Group and

Rabens deny any remaining allegations of Paragraph 39.

40.     Upon information and belief, Alex is one of the primary decision makers behind Mickey Group's employment decisions and operation.

**Answer:**     Defendants Mickey Group and Rabens admit the allegations of Paragraph 40.

41.     Alex is an officer and agent of Mickey Group.

**Answer:**     Defendants Mickey Group and Rabens admit that, when performing certain duties or actions within the scope of his employment as CEO, Rabens may act an officer or agent of Mickey Group. Defendants Mickey Group and Rabens deny any remaining allegations of Paragraph 41.

42.     Michael tried communicating with Alex multiple times via email and text message regarding his employment status and unpaid compensation.

**Answer:**     Defendants Mickey Group and Rabens admit that after Plaintiff's Wisnefski's employment with Mickey Group ended, he contacted Mickey Group and Rabens several times. Defendants Mickey Group and Rabens deny any remaining allegations of Paragraph 42.

43.     Alex knowingly permitted Mickey Group to violate the Wage and Payment Act in one or more of the following ways:

A. By ignoring Michael's communications regarding his employment;

B. By failing and refusing to pay Michael the compensation he was due;

C. By failing and refusing to take action within his power to ensure that Michael received the compensation he was due; and

D.  In other ways to be proven at trial.

**Answer:**      Defendants Mickey Group and Rabens deny the allegations of

Paragraph 43.

44.    As a result, Alex, individually, is deemed to be an "employer" under the
Wage Payment Act.

**Answer:**      Defendants Mickey Group and Rabens deny the allegations of

Paragraph 44.

45.    As Michael's employer, Alex violated the Wage Payment Act in one or
more of the ways identified in the Statement of Facts and Counts I and II above.

**Answer:**      Defendants Mickey Group and Rabens deny the allegations of

Paragraph 45.

46.    As a direct and proximate result, Michael has been damaged in an
amount equal to his agreed unpaid compensation, benefits, salary, and other
damages to be proven at trial.

WHEREFORE, Plaintiff, MICHAEL WISNEFSKI, respectfully requests that
this honorable Court:

A.  Enter judgment in his favor and against Defendant Alex Rabens in an
amount to be proven at trial;

B.  Award Michael's reasonable attorneys' fees and costs incurred to recover
his unpaid compensation pursuant to Section 14 of the Wage Payment Act;

C.  Award additional, statutory damages of "5% of the amount of any such
underpayments for each month following the date of payment during which
such underpayments remain unpaid" as provided in Section 14 of the Wage
Payment Act; and

D.  Grant any and all other relief deemed appropriate under the circumstances.

**Answer:**      Defendants Mickey Group and Rabens admit that Plaintiff

Wisnefski requests the relief described in Paragraph 46, specifically deny that he is

entitled to any such relief, and deny any remaining allegations of Paragraph 46.

## COUNT III – BREACH OF CONTRACT

### Against Defendant Mickey Group

47.    Michael adopts and incorporates each numbered paragraph above as though fully restated herein.

**Answer:**    Defendants Mickey Group and Rabens restate their answers to the allegations set forth in each of the above Paragraphs.

48.    Michael and Mickey Group entered into a valid and binding contract. *Ex. A.*

**Answer:**    Paragraph 48 states a legal conclusion to which no response is required. To the extent a response is required, Defendants Mickey Group and Rabens deny the allegations of Paragraph 48.

49.    Michael performed all of his obligations under the Agreement.

**Answer:**    Defendants Mickey Group and Rabens deny the allegations of Paragraph 49.

50.    Mickey Group breached the terms of the Agreement in one or more of the following ways:

  a.  By failing and refusing to pay Michael's Quarterly Bonus Payment for the first quarter of 2021;

  b.  By failing and refusing to pay Michael's severance; and

  c.  In other ways to be proven at trial.

**Answer:**    Defendants Mickey Group and Rabens deny the allegations of Paragraph 50.

51.     As a direct and proximate result of Mickey Group's breach, Michael has been damaged in an amount in an amount equal to his agreed, unpaid compensation, severance, benefits, and other damages to be proven at trial.

WHEREFORE, Plaintiff, MICHAEL WISNEFSKI, respectfully requests that this honorable Court enter judgment in his favor and against Defendant, MICKEY GROUP INC., in an amount to be proven at trial, and grant such other relief as may be just and appropriate under the circumstances.

**Answer:**     Defendants Mickey Group and Rabens admit that Plaintiff Wisnefski requests the relief described in Paragraph 51, specifically deny that he is entitled to any such relief, and deny any remaining allegations of Paragraph 51.

Defendants Mickey Group and Rabens note that the complaint does not contain paragraphs numbered 52–54.

## COUNT IV – INTERPLEADER

### As to Defendants Mickey Group and Hampton Lumber

55.     Michael adopts and incorporates each numbered paragraph above as though fully restated herein.

**Answer:**     Defendants Mickey Group and Rabens restate their answers to the allegations set forth in each of the above Paragraphs.

56.     In May of 2023, a deposit was made into the bank account of Michael's prior company, MaterialsXchange, LLC, in the amount of $ $235,731.77.

**Answer:**     Defendants Mickey Group and Rabens lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 56, and therefore deny them.

57.     The deposit appears to have originated from Hampton Lumber, who was a customer of MaterialsXchange and then Mickey Group.

16

**Answer:** Defendants Mickey Group and Rabens lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 57, and therefore deny them.

58. Michael does not know why these funds were deposited into the MaterialsXchange account.

**Answer:** Defendants Mickey Group and Rabens lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 58, and therefore deny them.

59. Michael fears incurring liability if he attempts to take any action with respect to these funds, as he has no documentation to determine to whom they belong, and he does not want to be the arbiter of any claims, issues, or disputes between his former employer and any other party.

**Answer:** Defendants Mickey Group and Rabens lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 59, and therefore deny them. Answering further, Defendant Mickey Group has disclaimed interest in the subject res that is the subject matter of Plaintiff's interpleader claim for the reason that the funds belong solely to Interpleader Defendant Hampton Lumber. (*See* **Ex. 1**, Decl. of A. Rabens.)

60. A court order will protect Michael from becoming an unwilling arbiter of the disposition of these funds, which were deposited into his account unsolicited and without explanation.

**Answer:** Defendants Mickey Group and Rabens lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 60, and therefore deny them. Answering further, Defendant Mickey Group has

disclaimed interest in the subject res that is the subject matter of Plaintiff's interpleader claim for the reason that the funds belong solely to Interpleader Defendant Hampton Lumber. (*See* Ex. 1.)

61.    Michael therefore requests leave to deposit these funds with the Clerk of Court until such time as the Court determines their proper disposition.

**Answer:**    Defendants Mickey Group and Rabens admit that Plaintiff Wisnefski requests leave to deposit funds with the Clerk of Court and deny any remaining allegations of Paragraph 61. Answering further, Defendant Mickey Group has disclaimed interest in the subject res that is the subject matter of Plaintiff's interpleader claim for the reason that the funds belong solely to Interpleader Defendant Hampton Lumber. (*See* Ex. 1.)

62.    WHEREFORE, Plaintiff, MICHAEL WISNEFSKI, respectfully that this honorable Court enter an order:

A.  Allowing the deposit of such funds with the Clerk of the Circuit Court of Cook County, Illinois;

B.  Determining the proper disposition of such funds;

C.  Granting such further relief as may be just and appropriate under the circumstances.

**Answer:**    Defendants Mickey Group and Rabens admit that Plaintiff Wisnefski requests the relief described in Paragraph 62. Answering further, Defendant Mickey Group has disclaimed interest in the subject res that is the subject matter of Plaintiff's interpleader claim for the reason that the funds belong solely to Interpleader Defendant Hampton Lumber. (*See* Ex. 1.)

## COUNT V – CONSTRUCTIVE TRUST

### As to Defendant Mickey Group

63.     Michael adopts and incorporates each numbered paragraph above as though fully restated herein.

**Answer:**     Defendants Mickey Group and Rabens restate their answers to

the allegations set forth in each of the above Paragraphs.

64.     If the Court determines that Mickey Group has a right to some or all of the funds that were deposited into Michael's MaterialsXchange account, then Michael has an interest in these assets, as he is owed substantial unpaid wages and other compensation by Mickey Group.

**Answer:**     Defendants Mickey Group and Rabens deny the allegations of

Paragraph 64. Answering further, Defendant Mickey Group has disclaimed interest

in the subject res that is the subject matter of Plaintiff's interpleader claim for the

reason that the funds belong solely to Interpleader Defendant Hampton Lumber. (*See*

Ex. 1.)

65.     These funds should be preserved, at least in the amount of Michael's wage and contract claims, as Mickey Group's financial future is uncertain.

**Answer:**     Defendants Mickey Group and Rabens deny the allegations of

Paragraph 65. Answering further, Defendant Mickey Group has disclaimed interest

in the subject res that is the subject matter of Plaintiff's interpleader claim for the

reason that the funds belong solely to Interpleader Defendant Hampton Lumber. (*See*

Ex. 1.)

66.     If the Court determines that Mickey Group has a right to these funds, then protecting and preserving at least the amounts owed to Michael will ensure that Mickey Group has sufficient assets to satisfy its wage obligations.

**Answer:** Defendants Mickey Group and Rabens deny the allegations of Paragraph 66. Answering further, Defendant Mickey Group has disclaimed interest in the subject res that is the subject matter of Plaintiff's interpleader claim for the reason that the funds belong solely to Interpleader Defendant Hampton Lumber. (*See* Ex. 1.)

67. These amounts should be held in constructive trust for Michael's benefit to satisfy the outstanding amounts owed to him by Mickey Group.

**Answer:** Defendants Mickey Group and Rabens deny the allegations of Paragraph 67. Answering further, Defendant Mickey Group has disclaimed interest in the subject res that is the subject matter of Plaintiff's interpleader claim for the reason that the funds belong solely to Interpleader Defendant Hampton Lumber. (*See* Ex. 1.)

68. WHEREFORE, Plaintiff, MICHAEL WISNEFSKI, respectfully that this honorable Court enter an order:

A. Depositing, holding, and maintaining the funds described herein with the Clerk of Court until such time as Michael's claims against Mickey Group are resolved;

B. Issuing a pre-judgment attachment of amounts sufficient to satisfy Michael's claims, in an amount to be determined by the Court;

C. Imposing a constructive trust as to all amounts owed to Michael by Mickey Group; and

D. Granting such further relief as may be just and appropriate under the circumstances.

**Answer:** Defendants Mickey Group and Rabens admit that Plaintiff Wisnefski requests the relief described in Paragraph 68, specifically deny that he is entitled to any such relief, and deny any remaining allegations of Paragraph 68.

Answering further, Defendant Mickey Group has disclaimed interest in the subject res that is the subject matter of Plaintiff's interpleader claim for the reason that the funds belong solely to Interpleader Defendant Hampton Lumber. (*See* Ex. 1.)

### Affirmative Defenses

1.     Plaintiff's claims are barred, in whole or in part, by his failure to state a claim upon which relief can be granted.

2.     To the extent Plaintiff seeks damages not recoverable under the Illinois Wage Payment and Collection Act, Plaintiff is barred from such recovery.

3.     Plaintiff's claims are barred because his purported contract is null, void ab initio, and/or unenforceable.

4.     No severance payment is due to Plaintiff pursuant to the Agreement between the Parties.

5.     No severance payment is due as Plaintiff was terminated for Cause as defined in the Agreement.

6.     Plaintiff's claims are barred inasmuch as Plaintiff has received full payment and satisfaction under the Agreement.

7.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, laches, unclean hands, and/or estoppel.

8.     Plaintiff's claims are barred, in whole or in part, by his failure to suffer any damages.

9.     Plaintiff's claims are barred, in whole or in part, by the first material breach doctrine.

10.    Plaintiff's claims are barred, in whole or in part, by his own actions causing the claimed damages.

11.    The Plaintiff's claims are barred, in whole or in part, because any recovery by Plaintiff would result in unjust enrichment.

12.    Plaintiff's claims are barred, in whole or in part, by illegality.

Defendants Mickey Group and Rabens reserve the right to amend these affirmative defenses should they later discover facts demonstrating the existence of additional affirmative defenses.


Filed: August 7, 2023

Respectfully Submitted,

MICKEY GROUP INC. and ALEX RABENS

By: /s/ *Benjamin S. Morrell*
Benjamin S. Morrell (ARDC No. 6341896)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
bmorrell@taftlaw.com

*Counsel for Defendants Mickey Group Inc. and Alex Rabens*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MICHAEL WISNEFSKI,

                Plaintiff,

v.

MICKEY GROUP INC., ALEX
RABENS, and HAMPTON LUMBER,

                Defendants.

Case No. 1:23-cv-04984

District Judge Ellis

Magistrate Judge Kim

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: August 7, 2023

                s/ *Benjamin S. Morrell*
                *Counsel for Defendants Mickey Group Inc. and Alex Rabens*