UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WISNEFSKI,<br><br>                Plaintiff,<br><br>v.<br><br>MICKEY GROUP INC. and ALEX RABENS,<br><br>                Defendants. | Case No. 1:23-cv-04984<br><br>District Judge Ellis<br><br>Magistrate Judge Kim |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Mickey Group Inc. and Alex Rabens, by and through undersigned counsel, provide their answer and defenses to Plaintiff's amended complaint as follows. (*See* D.E. 10.) Any allegations contained in the complaint not specifically admitted herein are expressly denied.[1]

## NATURE OF THE CASE

This is an action for unpaid compensation. Michael was employed as President of Mickey Group, a commoditech platform. In early 2023, Michael was fired without explanation via text message. Following his termination, Mickey Group cut off all communications with Michael and failed to issue his final compensation. In addition to withholding his earned compensation, Mickey Group failed to make a severance payment that the parties expressly agreed to in Michael's written offer letter. This action follows.

**Answer:** Defendants admit that Plaintiff Wisnefski has filed this lawsuit seeking what he claims to be unpaid compensation, that Plaintiff Wisnefski is a former employee of Mickey Group, and that Mickey Group terminated his

---

[1] Defendants reproduce the complaint's headings and subheadings here, but in doing so, do not admit any allegations contained therein.

employment in early 2023. Defendants deny any remaining allegations of the unnumbered paragraph in the complaint's "Nature of the Case" section.

## PARTIES

1. Plaintiff Michael Wisnefski was formerly employed by Mickey Group as President. Michael resides and was employed by Mickey Group in Chicago, Illinois.

**Answer:** Defendants admit the allegations of Paragraph 1.

2. Defendant Mickey Group is a New York corporation with its principal place of business located in New York, New York.

**Answer:** Defendants admit that Mickey Group Inc.'s principal place of business is in New York, New York, and deny any remaining allegations of Paragraph 2. Mickey Group is a Delaware corporation.

3. Defendant Alex Rabens is Mickey Group's CEO. Michael reported directly to Alex. Upon information and belief, Alex resides in New York, New York.

**Answer:** Defendants admit that Rabens is Mickey Group's CEO and that Rabens resides in New York, New York. Defendants also admit that during his employment with Mickey Group, Plaintiff Wisnefski reported to the company's Chief Executive Officer (Rabens) and that the Chief Technology Officer and Controller were also authorized to assign duties to Plaintiff Wisnefski. Defendants deny any remaining allegations of Paragraph 3.

## STATEMENT OF FACTS

*i.* *Background*

4. Michael is a financial professional with substantial experience in the field of commodity markets and trading.

      **Answer:**    Defendants deny the allegations of Paragraph 4.

      5.    On or about August 1, 2022, Mickey Group merged with Michael's former company, Materials Xchange, LLC, a digital marketplace for buying and selling raw materials.

      **Answer:**    Defendants admit that on or about August 1, 2022, Mickey Group acquired the assets of Materials Xchange, LLC, which was previously owned by Plaintiff Wisnefksi. Defendants deny any remaining allegations of Paragraph 5.

      6.    On or about August 16, 2022, Michael signed a written employment offer letter setting forth the terms of his employment and compensation (the "Agreement"), a true and correct copy which is attached hereto, incorporated herein and marked as Exhibit "A".

      **Answer:**    Defendants admit that Plaintiff Wisnefski has filed with his amended complaint an offer letter describing terms of Plaintiff Wisnefski's employment with Mickey Group and that his signature appears on the last page. Defendants deny any remaining allegations of Paragraph 6.

      7.    Under the terms of his employment, Michael performed his employment duties remotely, in Chicago, or in Mickey Group's presumed Chicago office. *Ex. A.*

      **Answer:**    Defendants admit that during his employment with Mickey Group, Plaintiff Wisnefski was to perform his job duties remotely, in Chicago, or in Mickey Group's presumed Chicago office. Defendants deny any remaining allegations of Paragraph 7.

      8.    The Defendants knowingly employed Michael to act as Mickey Group's President out of Illinois.

      **Answer:**    Defendants admit that Mickey Group employed Plaintiff Wisnefski in the position of President, and that during his employment, Plaintiff

3

Wisnefski was to perform his job duties primarily while physically present in Illinois. Defendants deny any remaining allegations of Paragraph 8.

9. The Defendants actively managed Michael's employment in Illinois.

**Answer:** Defendants admit that that during his employment with Mickey Group, Plaintiff Wisnefski was to perform his job duties primarily while physically present in Illinois. Defendants deny any remaining allegations of Paragraph 9.

10. The Defendants regularly communicated and interacted with Michael in Illinois, regularly sent and received correspondence to and from Illinois for the purpose of conducting Mickey Group's business, and, until recently, regularly paid Michael in Illinois to conduct Mickey Group's business.

**Answer:** Defendants admit that that during his employment with Mickey Group, Plaintiff Wisnefski was to perform his job duties primarily while physically present in Illinois. Defendants deny any remaining allegations of Paragraph 10.

11. Michael's compensation package included an annual salary, annual bonus, severance, and retirement benefits, among other things.

**Answer:** Defendants admit that during Plaintiff Wisnefski's employment with Mickey Group, he received a salary and was eligible to receive certain other payments or benefits if specific conditions were met. Defendants deny any remaining allegations of Paragraph 11.

12. Specifically, the Parties agreed that if Michael was terminated without cause, as determined by Illinois law, then he would be entitled to a severance payment, payable semi-monthly, equal to three-months of his most-recent salary. *Ex. A.*

**Answer:** Defendants admit that the document Plaintiff Wisnefski has filed with his amended complaint contains a provision titled "Severance," providing in

4

part: "Should your employment be terminated Without Cause (as defined by State of Illinois) you are entitled to Severance Pay of Three-months of Base Salary paid on regular payroll schedule following your departure from Company." Defendants deny any remaining allegations of Paragraph 12.

13. Michael served as Mickey Group's President for approximately seven months until March 31, 2023, when he was fired by Mickey Group's CEO, Alex, via text message.

**Answer:** Defendants admit that Plaintiff Wisnefski was employed by Mickey Group in the position of President for approximately seven months and that Mickey Group terminated his employment. Defendants deny any remaining allegations of Paragraph 13.

14. No cause or explanation was ever provided for Michael's termination.

**Answer:** Defendants deny the allegations of Paragraph 14.

15. Thereafter, Mickey Group cut off all communications with Michael.

**Answer:** Defendants deny the allegations of Paragraph 15.

*ii. Michael's Unpaid Compensation*

16. Prior to his termination, Michael received his wage payments from Mickey Group by direct deposit.

**Answer:** Defendants admit that during Plaintiff Wisnefski's employment with Mickey Group, he received his salary primarily via direct deposit. Defendants deny any remaining allegations of Paragraph 16.

17. After his termination, Mickey Group failed and refused to pay Michael any first quarter commissions for 2023, although he was employed to the end of the

5

quarter.

**Answer:** Defendants admit that Mickey Group did not pay Plaintiff Wisnefski any commissions during the first quarter of 2023 because he was not eligible to receive any such commissions—specifically, during this time, Plaintiff Wisnefski did not generate any sales for which commissions would have been paid. Defendants deny any remaining allegations of Paragraph 17.

18. Additionally, because he was terminated without cause under the terms of the Agreement, Michael is owed a severance payment equal to three-months of his regular salary. *Ex. A.*

**Answer:** Defendants deny the allegations of Paragraph 18.

19. Following his termination, Michael repeatedly contacted Mickey Group to request his final compensation due under the Agreement, but Mickey Group failed and refused to communicate with him or pay him the amounts he is due.

**Answer:** Defendants admit that after Plaintiff's Wisnefski's employment with Mickey Group ended, he contacted Mickey Group and Rabens several times. Defendants deny any remaining allegations of Paragraph 19.

### COUNT I – VIOLATION OF THE ILLINOIS WAGE PAYMENT & COLLECTION ACT
#### Against Defendant Mickey Group

20. Michael adopts and incorporates each numbered paragraph above as though fully restated herein.

**Answer:** Defendants restate their answers to the allegations set forth in each of the above Paragraphs.

21. At all times relevant hereto, there existed a statute, 820 ILCS 115/1 et seq., known as the Illinois Wage Payment and Collection Act (the "Wage Payment Act").

**Answer:** Defendants admit that the Illinois Wage Payment and Collection Act is a statute passed by the Illinois General Assembly prior to the events alleged in Plaintiff's amended complaint.

22. At all times relevant hereto, Mickey Group was Michael's employer as defined by the Wage Payment Act and Illinois law.

**Answer:** Paragraph 22 states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the allegations of Paragraph 22.

23. The Wage Payment Act Provides, in Section 5:

Every employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee. Where such employee requests in writing that his final compensation be paid by check and mailed to him, the employer shall comply with this request.

Unless otherwise provided in a collective bargaining agreement, whenever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time earned in accordance with such contract of employment or employment policy, the monetary equivalent of all earned vacation shall be paid to him or her as part of his or her final compensation at his or her final rate of pay and no employment contract or employment policy shall provide for forfeiture of earned vacation time upon separation.

**Answer:** Defendants admit that Paragraph 23 accurately quotes the text of 820 ILCS 115/5, which is a part of the Illinois Wage Payment and Collection Act.

24. The Wage Payment Act defines "final compensation" as:

Wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any

7

other compensation owed the employee by the employer pursuant to an employment contract or agreement between the 2 parties.

**Answer:** Defendants admit that Paragraph 24 accurately quotes the definition of "final compensation" found in 820 ILCS 115/2, which is a part of the Illinois Wage Payment and Collection Act.

25. Michael had an agreement with Mickey Group wherein he would receive an annual salary, annual bonus, quarterly commissions, benefits, and an agreed severance payment in the event he was terminated without cause.

**Answer:** Defendants admit that during Plaintiff Wisnefski's employment with Mickey Group, he was to receive a salary in exchange for performing his job duties and was eligible to receive certain other payments or benefits if specific conditions were met, pursuant to the terms of a signed offer letter. Defendants deny any remaining allegations of Paragraph 25.

26. Michael was terminated without cause.

**Answer:** Defendants deny the allegations of Paragraph 26.

27. Under the terms the Employment Agreement, Michael is owed final compensation equal to:

  a. Contractual severance equal to three-months of his base salary;

  b. Quarterly Bonus Payment for the first quarter of 2023; and,

  c. Other benefits and earned compensation to be proven at trial.

**Answer:** Defendants deny the allegations of Paragraph 27.

28. Mickey Group failed and refused to pay Michael's final compensation.

**Answer:** Defendants deny the allegations of Paragraph 28.

29. As a direct and proximate result, Michael has been damaged in an amount equal to his agreed, unpaid compensation, benefits, salary, and other damages to be proven at trial.

WHEREFORE, Plaintiff, MICHAEL WISNEFSKI, respectfully requests that this honorable Court:

A. Enter judgment in his favor and against Defendant Mickey Group in an amount to be proven at trial;

B. Award Michael's reasonable attorneys' fees and costs incurred to recover his unpaid compensation pursuant to Section 14 of the Wage Payment Act;

C. Award additional, statutory damages of "5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid" as provided in Section 14 of the Wage Payment Act; and

D. Grant any and all other relief deemed appropriate under the circumstances.

**Answer:** Defendants admit that Plaintiff Wisnefski requests the relief described in Paragraph 29, specifically deny that he is entitled to any such relief, and deny any remaining allegations of Paragraph 29.

## COUNT II – VIOLATION OF THE ILLINOIS WAGE PAYMENT & COLLECTION ACT

### Against Defendant Alex Rabens, individually

30. Michael adopts and incorporates each numbered paragraph above as though fully restated herein.

**Answer:** Defendants restate their answers to the allegations set forth in each of the above Paragraphs.

31. The Wage Payment Act Provides, in Section 13:

In addition to an individual who is deemed to be an employer pursuant to Section 2 of this Act, any officers of a corporation or agents of an employer who knowingly permit such employer to violate the provisions

9

of this Act shall be deemed to be the employers of the employees of the corporation.

**Answer:** Defendants admit that Paragraph 31 accurately quotes the text of 820 ILCS 115/13, which is a part of the Illinois Wage Payment and Collection Act.

32. Alex is the CEO of Mickey Group, and he has held that position at all times relevant hereto.

**Answer:** Defendants admit the allegations of Paragraph 32.

33. Pursuant to the Agreement, Michael was to report directly to Alex.

**Answer:** Defendants admit that during his employment with Mickey Group, Plaintiff Wisnefski reported to the company's Chief Executive Officer (Rabens) and that the Chief Technology Officer and Controller were also authorized to assign duties to Plaintiff Wisnefski, pursuant to the terms of a signed offer letter. Defendants deny any remaining allegations of Paragraph 33.

34. Alex is one of the primary decision makers responsible for Mickey Group's employment decisions and operations.

**Answer:** Defendants admit the allegations of Paragraph 34.

35. Alex is an officer and agent of Mickey Group.

**Answer:** Defendants admit that, when performing certain duties or actions within the scope of his employment as CEO, Rabens may act an officer or agent of Mickey Group. Defendants deny any remaining allegations of Paragraph 35.

36. Michael tried communicating with Alex multiple times via email and text message regarding his employment status and unpaid compensation.

**Answer:** Defendants admit that after Plaintiff's Wisnefski's employment with Mickey Group ended, he contacted Mickey Group and Rabens several times. Defendants deny any remaining allegations of Paragraph 36.

37. Alex knowingly permitted Mickey Group to violate the Wage and Payment Act in one or more of the following ways:

    A. By ignoring Michael's communications regarding his employment;

    B. By failing and refusing to pay Michael the compensation he was due;

    C. By failing and refusing to take action within his power to ensure that Michael received the compensation he was due; and

    D. In other ways to be proven at trial.

**Answer:** Defendants deny the allegations of Paragraph 37.

38. As a result, Alex, individually, is deemed to be an "employer" under the Wage Payment Act.

**Answer:** Defendants deny the allegations of Paragraph 38.

39. As Michael's employer, Alex violated the Wage Payment Act in one or more of the ways identified in the Statement of Facts and Counts I and II above.

**Answer:** Defendants deny the allegations of Paragraph 39.

40. As a direct and proximate result, Michael has been damaged in an amount equal to his agreed unpaid compensation, benefits, salary, and other damages to be proven at trial.

WHEREFORE, Plaintiff, MICHAEL WISNEFSKI, respectfully requests that this honorable Court:

    A. Enter judgment in his favor and against Defendant Alex Rabens in an amount to be proven at trial;

    B. Award Michael's reasonable attorneys' fees and costs incurred to recover his unpaid compensation pursuant to Section 14 of the Wage Payment Act;

C. Award additional, statutory damages of "5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid" as provided in Section 14 of the Wage Payment Act; and

D. Grant any and all other relief deemed appropriate under the circumstances.

**Answer:** Defendants admit that Plaintiff Wisnefski requests the relief described in Paragraph 40, specifically deny that he is entitled to any such relief, and deny any remaining allegations of Paragraph 40.

### COUNT III – BREACH OF CONTRACT

### Against Defendant Mickey Group

41. Michael adopts and incorporates each numbered paragraph above as though fully restated herein.

**Answer:** Defendants restate their answers to the allegations set forth in each of the above Paragraphs.

42. Michael and Mickey Group entered into the Agreement, which is a valid and binding contract. *Ex. A.*

**Answer:** Paragraph 42 states a legal conclusion to which no response is required.

43. Michael performed all of his obligations under the Agreement.

**Answer:** Defendants deny the allegations of Paragraph 43.

44. Mickey Group breached the terms of the Agreement in one or more of the following ways:

a. By failing and refusing to pay Michael's Quarterly Bonus Payment for the first quarter of 2021;

b. By failing and refusing to pay Michael's severance after terminating him without cause; and

12

c. In other ways to be proven at trial.

Answer: Defendants deny the allegations of Paragraph 44.

45. As a direct and proximate result of Mickey Group's breach, Michael has been damaged in an amount in an amount equal to his agreed, unpaid compensation, severance, benefits, and other damages to be proven at trial.

WHEREFORE, Plaintiff, MICHAEL WISNEFSKI, respectfully requests that this honorable Court enter judgment in his favor and against Defendant, MICKEY GROUP INC., in an amount to be proven at trial, and grant such other relief as may be just and appropriate under the circumstances.

Answer: Defendants admit that Plaintiff Wisnefski requests the relief described in Paragraph 45, specifically deny that he is entitled to any such relief, and deny any remaining allegations of Paragraph 45.

## JURY DEMAND

Plaintiff demands trial by a twelve-person jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Answer: Defendants admit that Plaintiff Wisnefski requests a trial by jury.

## Affirmative Defenses

Defendants plead the following affirmative defenses pursuant to Federal Rule of Civil Procedure 8(c):

1. Plaintiff's claims are barred inasmuch as Plaintiff has received full payment and satisfaction under the signed offer letter. Specifically, Plaintiff is not entitled to any additional payments because (1) he was fired for cause, and thus is not entitled to severance or any other payment, and (2) was not eligible to receive a quarterly bonus payment during the first quarter of 2023 because, during this time,

Plaintiff did not generate any sales for which commissions would have been paid.

2. Plaintiff's claims are barred, in whole or in part, by the first material breach doctrine and/or by his own actions causing the claimed damages. Specifically, Plaintiff breached the signed offer letter during his employment with Mickey Group by failing or refusing to perform his job duties, failing or refusing direct instructions from his superiors, abandoning his job, through his insubordination toward his superiors, or by a combination of these.

3. To the extent Plaintiff seeks damages not recoverable under the Illinois Wage Payment and Collection Act, Plaintiff is barred from such recovery.

4. The Plaintiff's claims are barred, in whole or in part, because any recovery by Plaintiff would result in unjust enrichment. Specifically, it would be unjust to award damages to Plaintiff because, during his employment, he failed or refused to perform his job duties for Mickey Group, to the detriment of Defendants.

Defendants reserve the right to amend these affirmative defenses should they later discover facts demonstrating the existence of additional affirmative defenses.

Filed: October 6, 2023

Respectfully Submitted,

MICKEY GROUP INC. and ALEX RABENS

By: /s/ *Benjamin S. Morrell* _____
Benjamin S. Morrell (ARDC No. 6341896)
TAFT STETTINIUS & HOLLISTER LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601

14

                                                Telephone: (312) 527-4000
                                                Facsimile: (312) 527-4011
                                                bmorrell@taftlaw.com

                                              *Counsel for Defendants*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WISNEFSKI, | |
| Plaintiff, | |
| v. | Case No. 1:23-cv-04984 |
| MICKEY GROUP INC. and ALEX RABENS, | District Judge Ellis |
| | Magistrate Judge Kim |
| Defendants. | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record.

Date: October 6, 2023

s/ *Benjamin S. Morrell*
Counsel for Defendants

16