UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL WISNEFSKI,<br><br>                Plaintiff,<br><br>v.<br><br>MICKEY GROUP INC. and ALEX RABENS,<br><br>                Defendants. | Case No. 1:23-cv-04984<br><br>District Judge Ellis<br><br>Magistrate Judge Kim |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION
TO EXCEED DISCOVERY DISPUTE PAGE LIMIT**

NOW COMES Plaintiff, MICHAEL WISNEFSKI, by and through its attorneys, GALARNYK & ASSOCIATES, LTD., and in response to Defendants' Motion for Leave to Exceed Page Limitation, states as follows:

1. Michael Wisnefski ("Mike") worked for Defendant Mickey Group, Inc. (the "Company") for approximately six months before he was let go without explanation in 2023. When Mike requested the severance pay that was due under his written employment agreement, the Company's CEO, Alex Rabens, refused to respond and cut off all communications, again without explanation. After Mike filed a wage claim in the Circuit Court of Cook County, the Defendants removed the action to this Court and asserted that Mike was fired "for cause." Whether Mike was fired "for cause" is the only issue in dispute.

2. This is not a documents case. Mike only worked for the Company for a short time before he was let go (less than 7 months), and the Defendants apparently have no internal documentation explaining or discussing the reasons for his layoff, based on their production. On his end, Mike has produced every document related to his termination in response to the Defendants three separate sets of requests to produce.

3. The remaining requests at issue are either facially irrelevant to the parties' fact dispute or appear to be casting a wide net in search of reasons to justify Mike's layoff *ex post facto*. For example, the Defendants requested Mike's personal tax returns and documentation regarding any sources of income. Mike is owed three months' severance if he was fired without cause, regardless of subsequent employment. *See In re Uly-Pak, Inc.*, 128 B.R. 763, 769 (Bankr. S.D. Ill. 1991) (noting that there is no duty to mitigate damages for fixed amounts of severance specified in an employment agreement, as the same amount of severance is due even if new employment is obtained immediately thereafter). His personal tax returns have no bearing on the facts in dispute.

4. Similarly, the Defendants' second set of document requests focused on Mike's personal securities and stock trading accounts. The Defendants appear to be looking for evidence that Mike was trading securities during work hours, although no such claim is included in their affirmative defenses. Even if it was, the Defendants should not be permitted to scour Mike's personal financial records to try to find potential grounds for "cause" in hindsight. If there is information the Defendants were not aware of at the time Mike was let go, that information cannot have informed their decision to end his employment. It is therefore irrelevant to the one issue in dispute.

5. Finally, the Defendants' third set of document requests sought any documents containing one of twelve keywords, regardless of any connection to the Company or this lawsuit. Mike objected to producing personal documents that contained a keyword but had nothing to do with this dispute. When the parties were unable to reach a compromise, Mike produced all documents that contained one of the requested keywords and also the word "Mickey," "Alex," or "Rabens" to limit the production to relevant documents. This was unsatisfactory to the Defendants. Mike maintains that personal documents that contain a keyword but have no connection of any kind whatsoever to his employment or this dispute are irrelevant and not discoverable.

6. As to the Defendants' request to exceed the five-page limit for joint discovery dispute submissions, Plaintiff's position, reflected in the parties' short email exchange on the issue, is excerpted below and marked as Group Exhibit A.

WHEREFORE Plaintiff, Michael Wisnefski, respectfully requests that this honorable Court deny the Defendants' Motion to Exceed Page Limit and grant such further relief as is just and appropriate under the circumstances.

        Respectfully Submitted,
        Plaintiff, Michael Wisnesfki

By:    /s/ Andrew J. Cunniff, Esq.
        One of His Attorneys

John D. Galarnyk, Esq. #6191543
Andrew J. Cunniff, Esq. #6308820
John A. Romanucci, Esq. #6333257
GALARNYK & ASSOCIATES, LTD.
55 W. Monroe Street, Suite 3600
Chicago, Illinois 60603
312-441-5800
John@galarnykltd.com
Andrew@galarnykltd.com
Johnr@galarnykltd.com

Good afternoon, Ben:

Upon further review of your proposed submissions, we object to your proposed motion to exceed the Court's page limit for our joint discovery dispute submission. The Court's standing order limits these joint discovery submissions to five pages in length. Your proposed discovery submission is 16 pages long before any response from our side has been added. If we used the same length in response, the joint submission would exceed 30 pages. Even if we only took one page to respond to every four of yours, the submission would still be 20 pages long. This is both four times longer than the Court's maximum page limit and significantly disproportionate to the needs and size of this case.

This is a small, state law wage claim, with a fee shift, that your clients removed to Federal Court based on diversity. The amount in controversy is less than six-figures, and the one issue in dispute is not document dependent. My client only worked for your client for a few months before he was let go, and the company apparently has no documentation or communications at all about the reasons he was let go, based on your production. Whether Mr. Wisnefski was fired for cause or not will come down to the parties' testimony on the stand during a short trial. If ever there was a case where written discovery disputes should be able to conform to the Court's five-page limit, I am sure that the Court would want it to be this one.

Can you please condense your submission so that we can comply with the Court's standing order? Ordinarily I would say that we should split the page limit 50-50, but to accommodate reproducing the production requests and answers, we would be fine with you taking three pages and we will respond in two.

I will send you a response to the other items raised in your email below separately.

All the best,

Andrew

Andrew,

You misunderstand the content of the motion. Defendants' legal positions are limited to two and a half pages for issue 1 (Section III.B) and under two pages for issue 2 (Section IV.B). If Plaintiff's positions are of comparable length, this will add roughly four pages to the joint motion, not 15. The rest of the motion is factual background, compliance with the meet-and-confer rules, and reproduction of the specific requests at issue. The latter two are required by Judge Ellis's standing order. https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=815. These sections do not contain argument and thus do not advance one party's position or the other's. If you believe these sections are not neutral, we would consider your proposed edits to these sections.

Given the standing order's requirements, Plaintiff's failure to fairly respond to many discovery requests necessitates a longer joint motion because we are required to reproduce all of the requests and responses at issue in the motion itself, and discuss each of the multiple issues raised by Plaintiff's inadequate responses. The discovery rules and the standing order are not designed for parties to benefit from broader noncompliance with their requirements. As to your argument about the relevance of the discovery sought, we obviously disagree and believe that we are entitled to the information and documents we have requested and that Plaintiff has refused to provide.

If you will not agree to the motion for leave to exceed the page limit, we will file it unilaterally and note Plaintiff's refusal to join it. Either way, we would prefer to attach to that motion a complete joint motion to resolve discovery disputes that includes Plaintiff's positions. Please let me know if and when you will provide them.

Thanks,

Ben

Group Exhibit A

Good afternoon, Ben:

I understand what you are saying, but the Court's standing order about the length of these submissions is clear. It says:

If the parties do not resolve their disagreements through this procedure, the parties must file a **joint** motion of no more than five pages. The joint motion must set out each issue in a separate section and include in that section each party's position (with appropriate legal authority) and proposed compromise. (This process allows a side-by-side analysis of each disputed issue.) If the disagreement concerns specific discovery that a party has propounded, such as interrogatories, requests for production of documents, or answers or objections to such discovery, the parties must reproduce the question/request and the response in its entirety in that section. The entire disputed discovery responses should be attached as an exhibit to the motion. https://www.ilnd.uscourts.gov/PrintContent.aspx?cmpid=815

I don't read this as saying that only the argument sections count towards the five-page limit. Everything about the wording of the Court's standing order suggests otherwise - that the Court strongly disfavors long discovery submissions. And this is a particularly small and simple state law case.

I do not think the Court would be pleased with us if our first appearance in this matter was to submit a 20+ page discovery submission for such a small matter that is not document dependent. Can you please reproduce your requests, and our objections, and we will each take a page or so to argue our positions so that we can comply with the standing order? The Court will be able to review our pleadings, your document requests, our written objections, each of our short arguments, and then make a ruling. That would be an efficient way to resolve this minor dispute, commensurate with the size of the case and in compliance with the Court's rules.

It is up to you if you would like to file a motion to exceed the Court's page limit, but I do not feel comfortable signing on to a joint motion to exceed the page limit by four times the maximum length. I am always happy to agree to reasonable extensions and things of that nature, but this particular request is really not necessary and is not an efficient use of resources, especially the Court's.

All the best,

Andrew