# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WISNEFSKI,<br><br>                      Plaintiff,<br><br>v.<br><br>MICKEY GROUP INC. and ALEX RABENS,<br><br>                      Defendants. | Case No. 1:23-cv-04984<br><br>District Judge Ellis<br><br>Magistrate Judge Kim |

**DEFENDANTS' FIRST SET OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

      Defendants Mickey Group Inc. and Alex Rabens, pursuant to Federal Rules of Civil Procedure 26, 33, and 34, propound their First Set of Interrogatories and Requests for Production of Documents to Plaintiff Michael Wisnefski, to be answered within thirty (30) days of service hereof.

      In responding to these discovery requests, please use the Definitions and Instructions in the attached Rider.

**Interrogatories**

1. Identify each and every person who contributed to and/or assisted in the preparation of Plaintiff's responses to these Discovery Requests.

2. Identify each and every person known to Plaintiff who possesses knowledge of the material facts alleged in the Complaint, including but not limited to all persons with whom You have discussed or communicated the facts of this case, and, with respect to each person, state the substance of each person's knowledge and the person's telephone number, mailing address, and email address.

3. Identify each and every Communication or Document that You claim supports Your allegation in paragraph 43 of the Complaint that You "performed all of [Your] obligations under the Agreement," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication, (c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

4. Identify each and every Communication or Document that You claim supports Your allegation in paragraph 27 of the Complaint that You were entitled to receive a "Quarterly Bonus Payment for the first quarter of 2023," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication, (c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

5. Identify each and every Communication or Document that You claim supports Your allegation in paragraph 13 of the Complaint that You were "fired by Mickey Group's CEO,

Alex, via text message," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication, (c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

6. Identify each and every Communication or Document that You claim supports Your allegation in paragraph 26 of the Complaint that Your employment with Mickey Group was "terminated without cause," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication, (c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

7. Identify each and every Communication or Document that You claim supports Your allegation in paragraph 19 of the Complaint that after the end of Your employment with Mickey Group, You "repeatedly contacted Mickey Group to request [Your] final compensation," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication, (c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

8. Identify each and every Communication or Document that You claim supports Your allegation in paragraph 36 of the Complaint that You "tried communicating with Alex [Rabens] multiple times via email and text message regarding [Your] employment status and unpaid compensation," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication,

3

(c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

9. Identify each and every Communication or Document that You claim supports Your allegation in paragraph 37 of the Complaint that Defendant Rabens "knowingly permitted Mickey Group to violate the Wage and Payment Act," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication, (c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

10. Identify and describe each and every action by Defendant Rabens that You claim constitutes or evidences Rabens "knowingly permit[ing] Mickey Group to violate the Wage and Payment Act."

11. Identify and describe each and every action by Mickey Group that You claim constitutes or evidences Mickey Group "breach[ing] the terms of the Agreement."

12. Identify and describe each and every type and amount of "benefits and earned compensation" that You claim You are owed by Mickey Group and/or Rabens.

13. Identify and describe each and every way in which You claim You "ha[ve] been damaged" as a result of any alleged violation by Mickey Group and/or Rabens of the Illinois Wage Payment and Collection Act and/or any alleged breach of the Agreement by Mickey Group.

14. State the amount of damages or other monetary relief You seek in Your Complaint, including by identifying each category of damages or monetary relief claimed, and

4

setting forth specifically, category by category, how You calculated the amount of damages or monetary relief sought.

15. Describe Your efforts to secure alternative employment after Your separation from Mickey Group, including by identifying the positions to which You have applied since July 1, 2022, and, as to each position identified, stating: (a) the date on which You applied for the position; (b) the efforts You made to market Yourself for the position; (c) whether You possessed the minimum qualifications for the position; (d) whether You were offered the position and, if so, when You were offered the position and whether You accepted the offer; and (e) whether You have been informed that You will not be offered the position and, if so, when You were so informed.

16. Identify all sources of Your income since January 1, 2022, including income received from unemployment compensation benefits, social security disability benefits, as well as compensation received that was "under the table," and list the gross and net amounts (by week) from each and every source.

17. Identify all social media (including but not limited to Facebook, Instagram, Twitter or X, Snapchat, blogs, TikTok), used by You from January 1, 2018, to the present.

18. Identify all email addresses, telephone numbers, computer programs (e.g., Zoom, Slack, Microsoft Teams), and smartphone applications (e.g., Whatsapp, Facebook Messenger) that You have used to communicate with any other person since January 1, 2022, regarding Mickey Group, Alex Rabens, your employment with Mickey Group, or your claims in this lawsuit.

**Requests for Production**

1. All documents identified, reviewed, or otherwise used in drafting the Complaint.

2. All Documents and Communications on which You will rely to support or evidence Your claims at trial in this matter.

3. All Documents and Communications referenced or identified in Your responses to the above Interrogatories and all Documents and Communications on which Your responses to those Interrogatories are based.

4. All Documents in Your possession, custody, or control that relate to Mickey Group or Rabens.

5. All Documents, including Communications between You and any other Person, discussing, referring to, or relating to Your separation from employment with Mickey Group or Mickey Group's decision to terminate Your employment.

6. All Documents, including Communications between You and any other Person, relating to Your allegation in paragraph 13 of the Complaint that You were "fired by Mickey Group's CEO, Alex, via text message."

7. All Documents, including Communications between You and any other Person, relating to Your allegation in paragraph 26 of the Complaint that Your employment with Mickey Group was "terminated without cause."

8. All Documents, including Communications between You and any other Person, relating to Your allegation in paragraph 19 of the Complaint that after the end of Your employment with Mickey Group, You "repeatedly contacted Mickey Group to request [Your] final compensation."

9. All Documents, including Communications between You and any other Person, relating to Your allegation in paragraph 36 of the Complaint that "You tried communicating with Alex [Rabens] multiple times via email and text message regarding [Your] employment status and unpaid compensation."

10. All Documents, including Communications between You and any other Person, relating to Your allegation in paragraph 37 of the Complaint that Defendant Rabens "knowingly permitted Mickey Group to violate the Wage and Payment Act."

11. All Documents, including Communications between You and any other Person, relating to Your allegation in paragraph 28 of the Complaint that Mickey Group "failed and refused to pay [Your] final compensation."

12. All Documents, including Communications between You and any other Person, relating to Your allegation in paragraph 44 of the Complaint that Mickey Group "breached the terms of the Agreement."

13. All Documents, including Communications between You and any other Person, relating to Your allegations in paragraphs 29, 40, and/or 45 of the Complaint that You "ha[ve] been damaged" as a result any alleged violation by Mickey Group and/or Rabens of the Illinois Wage Payment and Collection Act and/or any alleged breach of the Agreement by Mickey Group.

14. All documents You relied upon to calculate the "Quarterly Bonus Payment for the first quarter of 2023" You contend You earned during Your employment with Mickey Group and that Mickey Group allegedly has not paid Plaintiff.

7

15. All Documents on which You rely to evidence the amount of damages and monetary relief You are claiming in this litigation.

16. All Documents referring or relating to Your efforts to secure employment on or after January 1, 2022.

17. All Documents relating to income earned by You since January 1, 2018, including but not limited to Your 2018 through 2022 state and federal tax returns, with all schedules and supporting documents, and all documents concerning employment and pay records, all related tax returns, employer tax forms, employee W-2s, and 1099s for 2018 through 2023.

18. All documents regarding any lawsuit (other than this lawsuit), administrative charge or complaint, or other proceedings Plaintiff has been involved in as complainant, plaintiff, or defendant since January 1, 2014.

Date: November 15, 2023

MICKEY GROUP INC. and ALEX RABENS

By: /s/ *Benjamin S. Morrell*
Benjamin S. Morrell (ARDC No. 6341896)
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
bmorrell@taftlaw.com

*Counsel for Defendants*

8

# RIDER

## Definitions and Instructions

1. The term "Mickey Group" means Defendant Mickey Group Inc.

2. The term "Rabens" means Defendant Alex Rabens.

3. The term "Wisnefski" means Plaintiff Michael Wisnefski.

4. The term "Plaintiff" refers to Plaintiff Michael Wisnefski.

5. The terms "You" and "Your" refer to Plaintiff Michael Wisnefski.

6. The term "Complaint" refers to the First Amended Complaint filed by Plaintiff Wisnefski on September 15, 2023, in the United States District Court for the Northern District of Illinois in this litigation, and to any other amended complaint Plaintiff files, with leave of the Court, after the issuance of these Requests and Interrogatories.

7. The term "Agreement" refers to the document attached as Exhibit A to the Complaint, which is a signed offer letter describing terms of Plaintiff Wisnefski's employment with Mickey Group.

8. All other capitalized terms not specifically defined herein shall have the meanings ascribed to them in the Complaint.

9. If You believe that any of the following discovery requests call for the assertion of a claim of privilege, please respond to so much of the request as is not objected to, state that part of each request to which You raise objection, and furnish a list which identifies each Document and/or Communication for which the privilege is claimed, including the date of the Document and/or Communication; the sender, recipient, and/or participants in the Document and/or

Communication; the subject matter of the Document and/or Communication; and the basis upon which the privilege is claimed.

11. If for reasons other than a claim of privilege, You refuse to produce any Document and/or Communication, please state the grounds upon which the refusal is based with sufficient specificity to permit a determination of the propriety of such refusal.

12. If any requested Document and/or Communication is not available or accessible in the full detail requested, such request shall be deemed to call for sufficient explanation for the reasons therefore, as well as all Documents and/or Communications that are available or accessible.

13. These Requests for Admission, Interrogatories, and Requests for Production of Documents shall be deemed continuing so as to require supplemental Answers and Responses, pursuant to the Federal Rules of Civil Procedure, whenever Plaintiff obtains information on the basis of which he knows that his prior Response(s) was or were incorrect when made or that/those the Response(s), though correct when made, is or are no longer accurate or complete.

14. As used herein, the term "Document" shall have the same meaning ascribed to it in Fed. R. Civ. P. 34(a), and any electronically stored information, either in native (electronic) form or that has been printed out (paper); and includes (i) any writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonable usable form, of any kind or description, including originals, all copies, and all drafts thereof, however produced, reproduced, or stored, and (ii) any detection devices, equipment, and/or software necessary to obtain, translate, view, or produce such

documents in reasonably useable form. The term "Document" also shall include each copy that is not identical to the original or any other produced copy, and any preliminary drafts of any Document or working papers related thereto. The term "Document" shall also include any "Communication," as defined hereinafter.

15. The term "Communication" as used herein shall include any oral or written utterance, notation, or statement of any nature whatsoever by and for whomsoever including, but not limited to, correspondence, conversations, telephonic conversations, telegraphic transmissions, telefax or telex transmissions, interviews, emails, electronic mailings, consultations, agreements, dialogues, discussions, electronically transmitted messages in any format, text messages, and any other understanding between two or more Persons and, if any such Communication is in writing, any drafts or copies which contain any information different from the original.

16. "Describe" when used in connection with respect to any oral Communication or statement, means to identify each and every Person present or who engaged therein or who received such Communication, and the substance of what each Person said; the date and time of such oral Communications or statements; and the physical location of each such Person when such oral Communication or statement was made. When asked to list or describe a Document and/or Communication, state the date of the Document and/or Communication, the author, all recipients, the title, and the subject matter of the Document and/or Communication identified, in addition to any other information specifically requested.

17. In order to bring within the scope of these requests any conceivably relevant Documents and/or Communication which might otherwise be construed to be outside their scope:

    (a)    the singular of each word shall be construed to include its plural and vice versa;

11

    (b)    "and" as well as "or" shall be construed both conjunctively and disjunctively;

    (c)    "each" shall be construed to include "every" and vice versa;

    (d)    "any" shall be construed to include "all" and vice versa;

    (e)    the present tense shall be construed to include the past tense and vice versa; and

    (f)    the masculine tense shall be construed to include the feminine tense.

18. "Related to" and "Relevant to," as used herein shall include pertaining to, referring to, concerning, evidencing or in any way relevant within the meaning of Rule 26.

19. "Person" includes individuals, firms, corporations, partnerships, limited liability companies, joint ventures, proprietorships, associations, governmental or other public entities, any other legal entity or group of individuals or entities, and any subdivision(s) or agent(s) thereof.

20. Documents produced in response to these requests are to be produced in electronic image format. The image production shall include a load file that relates to a set of images and indicates how individual pages belong together as documents. Single page, color TIFF images shall be produced. The load file shall include an Opticon load file and a Concordance.dat file that provides document breaks. The load file should also provide any metadata fields agreed to by the parties as well as relative links to multipage text files containing searchable text.

21. In addition to TIFF images for all documents, native (electronic) documents should be produced for Excel files and other electronic spreadsheets and databases. Should any TIFF image not be legible, the parties will work together to provide native versions of such documents on a case-by-case basis.

22. Unless otherwise stated in one of the specific Requests for Production, the Requests seek all responsive Documents and Communications generated between **January 1, 2021, and the present**.

## CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, copies of the foregoing document were served upon the following by sending the same via email:

John D. Galarnyk, Esq.
Andrew J. Cunniff, Esq.
John A. Romanucci, Esq.
GALARNYK & ASSOCIATES, LTD.
55 West Monroe Street
Suite 3600
Chicago, IL 60603
john@galarnykltd.com
andrew@galarnykltd.com
johnr@galarnykltd.com

Date: November 15, 2023

                                                               s/ *Benjamin S. Morrell*
                                                               Benjamin S. Morrell
                                                               *Counsel for Defendants*