# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WISNEFSKI,<br><br>Plaintiff,<br><br>v.<br><br>MICKEY GROUP INC. and ALEX RABENS,<br><br>Defendants. | Case No. 1:23-cv-04984<br><br>District Judge Ellis<br><br>Magistrate Judge Kim |

**PLAINTIFF'S RESPONSES TO DEFENDANTS'
INTERROGATORIES**

NOW COMES Plaintiff, MICHAEL WISNEFSKI, by and through its attorneys, GALARNYK & ASSOCIATES, LTD., and answers the Interrogatories served by Defendants, MICKEY GROUP INC. and ALEX RABENS, as follows:

**ANSWER**

1. Identify each and every person who contributed to and/or assisted in the preparation of Plaintiff's responses to these Discovery Requests.

**RESPONSE:** Plaintiff and his attorneys.

2. Identify each and every person known to Plaintiff who possesses knowledge of the material facts alleged in the Complaint, including but not limited to all persons with whom You have discussed or communicated the facts of this case, and, with respect to each person, state the substance of each person's knowledge and the person's telephone number, mailing address, and email address.

**RESPONSE:** In addition to Plaintiff and his attorneys, the following people may possess knowledge of the material facts alleged in the Complaint:

1. Alex Rabens:

    o   Alex Rabens has knowledge of all of the facts alleged in the Complaint.

    o   c/o counsel for the Defendants.

2. Robert Miller:

    o   Robert Miller has knowledge of all of the facts alleged in the Complaint.

    o   c/o counsel for the Defendants.

3. Ashley Boeckholt:

    o   Ashley Boeckholt has knowledge regarding Michael's employment with Mickey, the acquisition of MaterialsXChange, and Mickey's commission structure.

    o   c/o counsel for the Defendants.

4. Weston Stewart-Tennes:

    o   Weston Stewart-Tennes has knowledge regarding Mickey's and Rabens' refusal to pay Michael's agreed severance and Raben's refusal to communicate with Michael regarding his owed severance.

    o   c/o counsel for the Defendants.

5. Michael Gellenbeck:

    o   Michael Gellenbeck has knowledge regarding Michael's work on behalf of Mickey and commissionable sales procured by Michael.

    o   Address:    Gellenbeck Construction, Inc.
                    5722 South Sooner Road
                    Guthrie, OK 73044

    o   Phone:      (405) 282-2725

    o   Email:      michael@gellenbeck.us

6. Andrea Hippeau:

    o Andrea Hippeau may have knowledge regarding Mickey's and Rabens' refusal to pay Michael's agreed severance, Raben's refusal to communicate with Michael regarding his owed severance, and Raben's termination of Michael by text message.

    o Address:     Lerer Hippeau
                   555 Greenwich St.
                   New York, NY 10014

    o Phone:       (646) 237-4837

    o Email:       contact@lererhippeau.com

7. Eric Ong:

    o Eric Ong may have knowledge regarding Mickey's and Rabens' refusal to pay Michael's agreed severance, Raben's refusal to communicate with Michael regarding his owed severance, and Raben's termination of Michael by text message.

    o Address:     Lightbank
                   600 W. Chicago Ave., #510
                   Chicago, IL 60654

    o Phone:       (773) 993-1714

    o Email:       Ong@lightbank.com

8. Michael Mauceri

    o Michael Mauceri may have knowledge regarding Mickey's and Rabens' refusal to pay Michael's agreed severance and Raben's refusal to communicate with Michael regarding his owed severance.

- o   Address:    Lightbank
                 600 W. Chicago Ave., #510
                 Chicago, IL 60654

- o   Phone:     (773) 993-1714

- o   Email:     Unknown at this time.

9. Investigation continues.

3.  Identify each and every Communication or Document that You claim supports Your allegation in paragraph 43 of the Complaint that You "performed all of [Your] obligations under the Agreement," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication, (c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

**RESPONSE:** Plaintiff objects to this interrogatory as overbroad and unduly burdensome, as it implicates every communication and document throughout Michael's tenure at the company.

4.  Identify each and every Communication or Document that You claim supports Your allegation in paragraph 27 of the Complaint that You were entitled to receive a "Quarterly Bonus Payment for the first quarter of 2023," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication, (c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

**RESPONSE:**     To the best of Plaintiff's recollection, he received an email in late 2022 or early 2023 regarding the company's new commission plan. The exact date and details are presently unknown, as Plaintiff no longer has access to his company email. Additionally, the company

commission plan was discussed in a weekly company-wide "stand up" meeting in or around December 2022 attended by all or substantially all of the company's employees. The general structure of the plan was that Plaintiff would receive commissions, sometimes referred to by the company as "quarterly bonus payments," for all sales attributable to Plaintiff for which the company received payment. Plaintiff was the procuring cause of certain sales generated during his employment where payment was received by the company after he was terminated without cause. Because Michael would have received these commissions had he not been terminated involuntarily, he is entitled to commissions for such sales.

5. Identify each and every Communication or Document that You claim supports Your allegation in paragraph 13 of the Complaint that You were "fired by Mickey Group's CEO, Alex, via text message," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication, (c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

**RESPONSE:** *See* Plaintiff's document production, which includes the relevant text message from Rabens.

6. Identify each and every Communication or Document that You claim supports Your allegation in paragraph 26 of the Complaint that Your employment with Mickey Group was "terminated without cause," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication, (c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

**RESPONSE:** As to the request to identify documents, *See* Plaintiff's document production. As to the request to identify communications, Plaintiff objects to this interrogatory as overbroad and unduly burdensome, as it implicates every communication throughout Michael's tenure at the company.

7. Identify each and every Communication or Document that You claim supports Your allegation in paragraph 19 of the Complaint that after the end of Your employment with Mickey Group, You "repeatedly contacted Mickey Group to request [Your] final compensation," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication, (c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

**RESPONSE:** *See* Plaintiff's document production. Additionally, Plaintiff placed numerous phone calls to Alex Rabens' cell phone in the days and weeks after his termination. Alex refused to answer or return any of Plaintiff's phone calls following Plaintiff's termination. The exact dates of each phone call are presently unknown.

8. Identify each and every Communication or Document that You claim supports Your allegation in paragraph 36 of the Complaint that You "tried communicating with Alex [Rabens] multiple times via email and text message regarding [Your] employment status and unpaid compensation," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication, (c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

**RESPONSE:** *See* Plaintiff's document production.

9. Identify each and every Communication or Document that You claim supports Your allegation in paragraph 37 of the Complaint that Defendant Rabens "knowingly permitted Mickey Group to violate the Wage and Payment Act," and for every such Communication, identify (a) the medium of Communication (e.g., telephone call, email, text message), (b) the date of the Communication, (c) the participants of the Communication, (d) the specific content of the Communication, and (e) the length of the Communication.

**RESPONSE:** *See* Plaintiff's document production. *See also* Plaintiff's employment offer letter, attached as Exhibit A to the Amended Complaint.

10. Identify and describe each and every action by Defendant Rabens that You claim constitutes or evidences Rabens "knowingly permit[ing] Mickey Group to violate the Wage and Payment Act."

**RESPONSE:** Among other things, Rabens personally signed the employment offer letter agreeing to pay Plaintiff severance in the event of his termination. Rabens personally terminated Plaintiff's employment, triggering Mickey Group's obligation to pay the agreed severance. As CEO, Rabens had the power and ultimate authority to pay or withhold Plaintiff's owed wages. Plaintiff personally informed Rabens that his owed severance had not been paid by Mickey Group, both directly via text message and email to Rabens and by communicating to other key company employees who then spoke to Rabens. After Rabens refused to answer or return Plaintiff's phone calls, Plaintiff reached out to CFO Robert Miller via text message on April 12 and 13, 2023 to inquire about his owed wages. Miller responded via text message on April 13, 2023 that "Alex said he was handling it." Plaintiff again informed Rabens of Mickey Group's obligation to pay both severance and unpaid commissions in a letter sent via counsel on June 8, 2023. Plaintiff

anticipates that discovery will reveal further evidence of Rabens' knowing refusal to pay Plaintiff's owed wages.

11. Identify and describe each and every action by Mickey Group that You claim constitutes or evidences Mickey Group "breach[ing] the terms of the Agreement."

**RESPONSE:** The failure and refusal to pay Plaintiff's agreed severance and other owed wages.

12. Identify and describe each and every type and amount of "benefits and earned compensation" that You claim You are owed by Mickey Group and/or Rabens.

**RESPONSE:** $50,000.00 in contractual severance and commissions for 2023 sales not yet received. Exact commission amounts require information solely within the possession of the Defendants at present.

13. Identify and describe each and every way in which You claim You "ha[ve] been damaged" as a result of any alleged violation by Mickey Group and/or Rabens of the Illinois Wage Payment and Collection Act and/or any alleged breach of the Agreement by Mickey Group.

**RESPONSE:** Plaintiff's damages consist of his unpaid severance and earned commissions, plus statutory penalties and attorneys' fees (to the extent the latter may be construed as damages).

14. State the amount of damages or other monetary relief You seek in Your Complaint, including by identifying each category of damages or monetary relief claimed, and setting forth specifically, category by category, how You calculated the amount of damages or monetary relief sought.

**RESPONSE:**

| # | Description | Amount | Explanation |
|---|---|---|---|
| 1 | Severance payment | $50,000 | Three months contractual severance owed, per agreed terms of employment letter. |

| 2 | Unpaid Commissions | TBD | Commissions for 2023 sales not yet received. Exact amounts due require information solely within the possession of the Defendants. |
| 3 | Statutory penalties | 5% per month | Pursuant to Illinois Wage Payment and Collection Act Section 14(a). |
| 4 | Attorneys' Fees | TBD | Pursuant to Illinois Wage Payment and Collection Act Section 14(a). |

15.     Describe Your efforts to secure alternative employment after Your separation from Mickey Group, including by identifying the positions to which You have applied since July 1, 2022, and, as to each position identified, stating: (a) the date on which You applied for the position; (b) the efforts You made to market Yourself for the position; (c) whether You possessed the minimum qualifications for the position; (d) whether You were offered the position and, if so, when You were offered the position and whether You accepted the offer; and (e) whether You have been informed that You will not be offered the position and, if so, when You were so informed.

**RESPONSE:** Plaintiff objects to this interrogatory as irrelevant to his claims for contractually agreed severance and earned commissions.

16.     Identify all sources of Your income since January 1, 2022, including income received from unemployment compensation benefits, social security disability benefits, as well as compensation received that was "under the table," and list the gross and net amounts (by week) from each and every source.

**RESPONSE:** Plaintiff objects to this interrogatory as irrelevant to his claims for contractually agreed severance and earned commissions.

17.     Identify all social media (including but not limited to Facebook, Instagram, Twitter or X, Snapchat, blogs, TikTok), used by You from January 1, 2018, to the present.

**RESPONSE:** Facebook, Instagram, Twitter, LinkedIn, Youtube, Twitch.

18. Identify all email addresses, telephone numbers, computer programs (e.g., Zoom, Slack, Microsoft Teams), and smartphone applications (e.g., Whatsapp, Facebook Messenger) that You have used to communicate with any other person since January 1, 2022, regarding Mickey Group, Alex Rabens, your employment with Mickey Group, or your claims in this lawsuit.

**RESPONSE:**

- 312-961-4962
- mikew@stxmarkets.net
- irontrader99@yahoo.com
- mikew@materialsxchange.com
- Zoom, Microsoft Teams, Slack, LinkedIn

          Respectfully Submitted,
          Plaintiff, Michael Wisnesfki

By:   /s/ Andrew J. Cunniff, Esq.
       One of His Attorneys

John D. Galarnyk, Esq. #6191543
Andrew J. Cunniff, Esq. #6308820
John A. Romanucci, Esq. #6333257
GALARNYK & ASSOCIATES, LTD.
55 W. Monroe Street, Suite 3600
Chicago, Illinois 60603
312-441-5800
John@galarnykltd.com
Andrew@galarnykltd.com
Johnr@galarnykltd.com