# EXHIBIT 4

**Morrell, Benjamin S.**

| | |
|---|---|
| **From:** | Morrell, Benjamin S. |
| **Sent:** | Tuesday, March 19, 2024 5:36 PM |
| **To:** | Andrew Cunniff; John Romanucci; John Galarnyk |
| **Cc:** | Lefkofsky, Steven; Wellhausen, Elizabeth |
| **Subject:** | RE: Wisnefski v. Mickey - discovery responses |

Andrew,

Thanks for speaking with us today during the meet-and-confer call. Below is a summary of the topics we discussed and where we stand on them.

**Defendants' objections in their discovery responses**
Defendants will provide amended responses to Plaintiff's requests for admission and interrogatories removing Defendants' general objections, and Defendants' specific objections that we are not withholding documents pursuant to. Some specific objections based on breadth, burden, and privilege will be maintained. We will serve these at the same time as the amended responses to Plaintiff's doc requests, discussed in our prior email exchanges.

**Search terms**
We agreed that the search terms will be limited to exclude docs created after June 30, 2023, except for docs that fall within a few specific proposed search terms, which Plaintiff will draft and provide. We are hopeful we can reach a resolution on this outstanding issue.

I also want to raise an issue that seems implicitly understood in prior emails sent by both of us and during today's conversation, to make sure we are all on the same page. That is that the search terms as written will be applied to docs in Wisnefski's email account. For all docs in our possession from other email accounts, we will apply the search terms and only review those docs that include both (1) at least one search term in Plaintiff's list and (2) also include at least one of the terms "Mike," "Michael," or "Wisnefski." If this is not your understanding, please let me know and we can discuss.

**Supplemental discovery**
We agreed that both parties will provide supplemental discovery. Once search terms are finalized, Defendants will produce additional nonprivileged documents responsive to Plaintiff's doc requests, pursuant to those search terms. Defendants will also provide a privilege log and a doc detail at that time.

Plaintiff will produce supplemental discovery including communications (text messages and phone records) between Wisnefski and Alex Rabens.

**Depositions of third-party witnesses**
During the call, you suggested the possibility that depositions of third parties need not be taken if both parties agree that they will not call those third parties as witnesses at trial. Defendants will consider this proposal and respond within a reasonable time.

**Information and documents concerning Plaintiff's income and employment (Interrogatory 16; RFPs 17 & 18)**
The parties did not come to an agreement Defendants' requests for information and documents related to Plaintiff's income and employment for calendar years 2022 and 2023. We maintain that this information is

1

relevant to our argument that during his employment with Mickey, Plaintiff was actively involved in other financial pursuits and not performing his job duties. You disagreed, stating that this information was irrelevant to the case and that you would stand on your objections. Thus, we have reached an impasse. We intend to submit a motion to compel to the Court on this issue.

**Deposition of Plaintiff**
We will treat as stricken the notice of Mr. Wisnefski's deposition for April 4, 2023. We will be in touch to reschedule it for late April or early May.

**Mailing address information for third-party witnesses**
I will ask my clients again if they have this information and if so, we will provide it to Plaintiff.

[redacted]

Thanks,

Ben

---

**From:** Morrell, Benjamin S. <BMorrell@taftlaw.com>
**Sent:** Monday, March 18, 2024 11:44 AM
**To:** Andrew Cunniff <andrew@galarnykltd.com>; John Romanucci <JohnR@galarnykltd.com>; John Galarnyk <john@galarnykltd.com>
**Cc:** Lefkofsky, Steven <slefkofsky@taftlaw.com>; Wellhausen, Elizabeth <EWellhausen@taftlaw.com>; Estrella Aguilar <estrella@galarnykltd.com>
**Subject:** RE: Wisnefski v. Mickey - discovery responses

That works. Let's say 3 PM. I will send a Zoom invite.

---

**From:** Andrew Cunniff <andrew@galarnykltd.com>
**Sent:** Monday, March 18, 2024 11:30 AM
**To:** Morrell, Benjamin S. <BMorrell@taftlaw.com>; John Romanucci <JohnR@galarnykltd.com>; John Galarnyk <john@galarnykltd.com>
**Cc:** Lefkofsky, Steven <slefkofsky@taftlaw.com>; Wellhausen, Elizabeth <EWellhausen@taftlaw.com>; Estrella Aguilar <estrella@galarnykltd.com>
**Subject:** Re: Wisnefski v. Mickey - discovery responses

Alex,

    Sorry about that, my Thursday afternoon turned particularly busy and I was out of the office at a legal event Friday. How about tomorrow any time after noon?

All the best,

Andrew

Andrew J. Cunniff, Esq.



55 West Monroe Street
Suite 3600
Chicago, IL 60603
Phone: 312-441-5800
Direct: 312-216-1160
andrew@galarnykltd.com


Visit us online at http://www.galarnykltd.com


This message and any included attachments are intended only for the addressee. The information contained in this message is confidential and may constitute proprietary or non-public information under international, federal, or state laws. Unauthorized forwarding, printing, copying, distribution, or use of such information is strictly prohibited and may be unlawful. If you are not the addressee, please promptly delete this message and notify the sender of the delivery error by e-mail.

---

**From:** Morrell, Benjamin S. <BMorrell@taftlaw.com>
**Date:** Monday, March 18, 2024 at 9:59 AM
**To:** Andrew Cunniff <andrew@galarnykltd.com>, John Romanucci <JohnR@galarnykltd.com>, John Galarnyk <john@galarnykltd.com>
**Cc:** Lefkofsky, Steven <slefkofsky@taftlaw.com>, Wellhausen, Elizabeth <EWellhausen@taftlaw.com>, Estrella Aguilar <estrella@galarnykltd.com>
**Subject:** RE: Wisnefski v. Mickey - discovery responses

Andrew, we need to discuss this today or tomorrow. I don't want to file a motion to compel on this but will do so if Plaintiff's lack of participation in the meet-and-confer process continues.




**Benjamin S. Morrell**
Attorney
BMorrell@taftlaw.com
Dir: 312.840.4489
Tel: 312.527.4000   |   Fax: 312.527.4011
111 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601-4208


**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

**From:** Morrell, Benjamin S. <BMorrell@taftlaw.com>
**Sent:** Thursday, March 14, 2024 11:16 AM
**To:** Andrew Cunniff <andrew@galarnykltd.com>; John Romanucci <JohnR@galarnykltd.com>; john@galamykltd.com
**Cc:** Lefkofsky, Steven <slefkofsky@taftlaw.com>; Wellhausen, Elizabeth <EWellhausen@taftlaw.com>; Estrella Aguilar <estrella@galarnykltd.com>
**Subject:** RE: Wisnefski v. Mickey - discovery responses

What is your availability during this time?

**From:** Morrell, Benjamin S. <BMorrell@taftlaw.com>
**Sent:** Tuesday, March 12, 2024 6:34 PM
**To:** Andrew Cunniff <andrew@galarnykltd.com>; John Romanucci <JohnR@galarnykltd.com>; john@galamykltd.com
**Cc:** Lefkofsky, Steven <slefkofsky@taftlaw.com>; Wellhausen, Elizabeth <EWellhausen@taftlaw.com>; Estrella Aguilar <estrella@galarnykltd.com>
**Subject:** RE: Wisnefski v. Mickey - discovery responses

Sure. I think a phone call would be more productive than continuing to exchange emails at this point. I am available between 3:00 and 4:45 on Thursday afternoon.



**Benjamin S. Morrell,** Attorney
Employment & Labor Relations
Direct: 312.840.4489 | Office Ext: 34489
Taft Office: Chicago

**From:** Andrew Cunniff <andrew@galarnykltd.com>
**Sent:** Tuesday, March 12, 2024 5:04 PM
**To:** Morrell, Benjamin S. <BMorrell@taftlaw.com>; John Romanucci <JohnR@galarnykltd.com>; john@galamykltd.com
**Cc:** Lefkofsky, Steven <slefkofsky@taftlaw.com>; Wellhausen, Elizabeth <EWellhausen@taftlaw.com>; Estrella Aguilar <estrella@galarnykltd.com>
**Subject:** Re: Wisnefski v. Mickey - discovery responses

Good afternoon, Ben:

    Below please find our responses, in red, to the open discovery items raised in your email. Do you have some time for a call on Thursday afternoon?

All the best,

Andrew

Andrew,

This should respond to several of the issues we've exchanged emails about over the last week or so, and raises additional issues regarding Plaintiff's written discovery responses pursuant to Rule 37.2.

**Search terms**
We agree to the search terms you have proposed. As for the dates, we propose limiting the range to exclude docs last modified before 4/1/22—the beginning of the fiscal quarter before Mickey purchased the assets of Materials Xchange—and excluding docs created after 6/30/23—the end of the fiscal quarter after Wisnefski separated from Mickey. We also propose removing from the set any doc including the word "unsubscribe." In my experience, this helps to filter out spam emails that have nothing to do with the business or the case.

If this is agreeable, we will begin review of the corpus and produce responsive, non-privileged docs.

<span style="color:red">We agree to the 4/1/22 start date and filtering documents with the word "unsubscribe." That makes sense. We would like to include documents up to the present, however. The requested period is less than two years long in total, and limited only to relevant keywords. We do not think the Court would find this limited period and scope to be overbroad. If, for example, and internal text message or email was sent between company employees in July of '23 discussing why Mr. Wisnefski was fired, that would certainly be relevant to our lawsuit, even though it occurred after the fact. If there are no such documents, then we would just like that assurance.</span>

**Doc detail and privilege log**
We do still owe you a doc detail and privilege log. Given that we have additional docs to review and produce to Plaintiff, however, we believe it makes sense to complete and send these after we finish our final production, as opposed to sending them now and having to amend later.

<span style="color:red">Agreed. Please let us know when we can expect the final document production and associated materials now that we have an agreement in principle (or very close to it).</span>

**Extension of the discovery deadline**
I recently sent a proposed draft joint motion to extend the discovery deadline by 45 days. Given the additional written discovery to be completed, however, we now believe that an extension of 60 days is appropriate. This would make May 14 the new deadline. If Plaintiff agrees, I will file the joint motion I previously sent with updated dates.

<span style="color:red">Agreed.</span>

**Disputes regarding Defendants' written discovery responses**
We have reviewed your Rule 37.2 email regarding Defendants' responses to Plaintiff's discovery requests. Assuming we reach an agreement regarding the search terms, this will moot many of our objections to the scope of Plaintiff's document requests. Accordingly, we will plan to serve amended/supplemental RFP responses around the same time we complete the doc production. If Plaintiff has issues with those forthcoming responses, we can discuss at that time.

<span style="color:red">Agreed.</span>

5

We do not anticipate amending or supplementing our interrogatory or RFA responses, however. Please let us know which issues raised in your Rule 37.2 email are specific to these responses, and we can continue the meet-and-confer process with respect to them.

Your client objected to 16 of 16 interrogatories generally, and included an entire page of additional, generic objections to these interrogatories. Similarly, your client included a page of general objections to our RFA's. The Northern District has been very clear, including in the seven cases that we cited in our meet and confer letter, that this practice, albeit common, is no longer permitted since the Federal Rules were updated. As a practical matter, we also think it is important to have clean, complete discovery answers before trial and to get a ruling on any open discovery objections that remain outstanding. If you have competing law in response to the seven cases we cited, we are happy to review it, but we believe the caselaw is well settled on this. If you prefer to stand on your objections, we can request a ruling from the Court on your objections.

**Disputes regarding Plaintiff's written discovery responses**
We also have three issues to address regarding Plaintiff's responses to Defendants' discovery requests pursuant to Rule 37.2.

First, Plaintiff objected to RFPs 4, 17, and 18 but did not state whether Plaintiff is withholding responsive documents on the basis of these objections, as required by Fed. R. Civ. P. 34(b)(2)(C). Please clarify whether any documents are currently being withheld.

Yes, please allow this confirm that we are withholding these documents on the basis of our written objections. Request number 4, seeking anything related to Mickey, is overbroad. Requests number 17 and 18 are not relevant to the issues in dispute in this lawsuit.

Second, RFP 17 seeks documents relating to Wisnefski's income earned since January 1, 2018, including tax returns, W-2s, and related documents. Plaintiff responded (erroneously labeling this request as RFP 18) by objecting on the grounds that the request was overbroad, not reasonably limited in time or scope, and irrelevant to the subject matter of the lawsuit. However, "it is well settled in the Seventh Circuit that '[t]ax returns in the hands of a taxpayer are not privileged' and 'are relevant, for discovery purposes, where a litigant has put 'the level and sources of his income at issue.'" *Breuder v. Bd. of Trustees of Cmty. Coll. Dist. No. 502*, No. 15 CV 9323, 2021 WL 229656, at *2 (N.D. Ill. Jan. 22, 2021) (quoting *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74–75 (7th Cir. 1992)). By claiming he is entitled to severance in the amount of 3 months' salary at Mickey and bonus/commission payments, Plaintiff has put his income at issue. We are willing to narrow this request to cover only calendar years 2022 and 2023, the years during which Wisnefski was a Mickey employee.

We respectfully disagree. Mr. Wisnefski is not seeking front pay, in which case he would be obligated to mitigate his damages. If that was the case, we agree that his subsequent income, if any, would be relevant. In this case he is only seeking the fixed sum of severance agreed to and specified in his contract. These amounts would remain due even if, for example, he obtained new employment the day after he was fired. See, e.g., *In re Uly-Pak, Inc.*, 128 B.R. 763, 769 (Bankr. S.D. Ill. 1991) (noting that there is no duty to mitigate damages for fixed amounts of severance specified in an employment agreement, as the same amount of severance is due even if new employment is obtained immediately thereafter). Neither Mr. Wisnefski's subsequent income or prior income is relevant to this dispute. The amount of his severance, if owed, is not in genuine dispute. All that is in dispute is whether Mr. Wisnefski was terminated for cause.

Although the Seventh Circuit has not had reason to address this issue specifically, every other opinion we could locate has reached the same result. *See, e.g., Giacone v. Virtual Officeware, LLC*, 2015 U.S.

Dist. LEXIS 38807, at *22 (W.D. Pa. Mar. 26, 2015) (citing Williston on Contracts, Section 66:7 (4th ed) ("where the employment contract unqualifiedly guarantees the employee a certain amount of severance pay upon discharge, the right to such pay is absolute and is not affected by whether the employee can or does obtain other employment."); *Ameris Bank v. Alliance Investment & Mgmt. Co.,* 321 Ga. App. 228, 234 (3) (b), 739 SE2d 481, (2013) ("[t]he rule requiring a party to mitigate damages is not applicable where there is an absolute promise to pay."); *See also Royal Crown Cos. v. McMahon*, 183 Ga. App. 543, 545, 359 SE2d 379 (1987) (plaintiff's right to severance pay per golden parachute agreement was absolute); *Kozlik v. Emelco, Inc.* 240 Neb. 525, 536 (Neb. 1992) (where an employment contract specifies what the damages would be in the event of termination, and the contract does not suggest that those damages were to be reduced by post-termination earnings, it is not for the Court to rewrite the contract that the parties executed relevant contract language).

Third, Interrogatory 16 seeks information related to Plaintiff's sources of income since January 1, 2022. Plaintiff objected and refused to provide any such information, stating it is irrelevant to Plaintiff's claim. As discussed above, however, this information is discoverable when a plaintiff has put the "level and sources of his income at issue," as Mr. Wisnefski has done here. *Poulos*, 959 F.2d 69, 74–75. We are willing to narrow this request to cover only calendar years 2022 and 2023, the years during which Wisnefski was a Mickey employee.

We stand on our objection to this discovery request for the same reasons stated above. This information is not relevant to the disputed issues in this lawsuit.

Please let us know your availability for a phone call to discuss these issues.

Are you available for a call Thursday afternoon?

**Depositions**
We are working on getting dates of availability for Rabens and Rodriguez and last known contact info for the 3rd party witnesses. We believe mid-April makes sense given the written discovery to be completed before then.

Please let me know if you would like to discuss any of these issues.

Thanks,

Ben

Andrew J. Cunniff, Esq.



55 West Monroe Street
Suite 3600
Chicago, IL 60603
Phone: 312-441-5800
Direct: 312-216-1160
andrew@galarnykltd.com

Visit us online at http://www.galarnykltd.com

This message and any included attachments are intended only for the addressee. The information contained in this message is confidential and may constitute proprietary or non-public information under international, federal, or state laws. Unauthorized forwarding, printing, copying, distribution, or use of such information is strictly prohibited and may be unlawful. If you are not the addressee, please promptly delete this message and notify the sender of the delivery error by e-mail.