# EXHIBIT 7

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL WISNEFSKI,<br><br>            Plaintiff,<br><br>v.<br><br>MICKEY GROUP INC. and ALEX RABENS,<br><br>            Defendants. | Case No. 1:23-cv-04984<br><br>District Judge Ellis<br><br>Magistrate Judge Kim |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COMES Plaintiff, MICHAEL WISNEFSKI, by and through its attorneys, GALARNYK & ASSOCIATES, LTD., and in response to the Second Set of Interrogatories and Requests for Production of Documents served by Defendants, MICKEY GROUP INC. and ALEX RABENS, answers as follows:

**RESPONSE**

**Interrogatories**

19. Identify all accounts owned or controlled by Plaintiff that Plaintiff accessed or used to buy, sell, or otherwise trade any stock, option, future, commodity, or other security (registered or unregistered) or interest in any security at any time between July 1, 2022, and March 31, 2023, specifying the name of the institution, the type of account (e.g., taxable, IRA, 401(k)), the last four digits of the account number, and the identity of any other persons who owns or controls the account.

**RESPONSE:** Plaintiff objects that the Defendants' interrogatory is irrelevant to the issues in dispute in this action. The only relevant issue in dispute is whether Mickey Group

terminated Mr. Wisnefski "for cause" when he was fired by Alex Rabens on March 31, 2023. The Defendants have alleged that Mr. Wisnefski was terminated "for cause" for either (a) taking excessive vacation time in violation of Mickey Group's (unlimited) PTO policy; or (b) for making inappropriate comments to his co-workers. Mr. Wisnefski's securities trading history has no bearing on either the claims or defenses in this action. Additionally, any purported conduct that was not claimed or known to Mickey Group at the time of Mr. Wisnefski's terminated is irrelevant to this action, because it cannot have formed the "cause" for his termination at that time. Plaintiff further objects that this interrogatory is unduly burdensome, overbroad, and disproportionate to the needs of the case based upon the size of this action.

20. Identify all devices and platforms – including smartphones, laptop computers, desktop computers, smart tablets, terminals, software systems, computer programs, and smartphone applications (or "apps") – that Plaintiff accessed or used to buy, sell, or otherwise trade any stock, option, future, commodity, or other security (registered or unregistered) or interest in a security at any time between July 1, 2022, and March 31, 2023, including the type of device or program, the name of the device or program, and the current location of all such devices.

**RESPONSE:** See Answer to Interrogatory No. 19 above.

21. Identify all transactions entered into by or on behalf of Plaintiff related to buying, selling, or otherwise trading any stock, option, future, commodity, or other security (registered or unregistered) or interest in a security at any time between July 1, 2022, and March 31, 2023, specifying the date and time that the transaction was entered, the value of the transaction, and the source of the funds used to complete the transactions, including whether the funds used in

completing these transactions were owned or controlled by MaterialsXchange and/or Mickey Group, Inc. or any employee or affiliate of either entity.

**RESPONSE:** See Answer to Interrogatory No. 19 above.

### Requests for Production

19. All documents and communications reflecting any transaction related to Plaintiff buying, selling, or otherwise trading any stock option, future, commodity, or other security (registered or unregistered) or interest in any security at any time between July 1, 2022, and March 31, 2023 including the times and dates the transactions were made.

**RESPONSE:** Plaintiff objects that the requested documents are irrelevant to the issues in dispute in this action. The only relevant issue in dispute is whether Mickey Group terminated Mr. Wisnefski "for cause" when he was fired by Alex Rabens on March 31, 2023. The Defendants have alleged that Mr. Wisnefski was terminated "for cause" for either (a) taking excessive vacation time in violation of Mickey Group's (unlimited) PTO policy; or (b) for making inappropriate comments to his co-workers. Mr. Wisnefski's securities trading history, if any, has no bearing on either the claims or defenses in this action. Additionally, any purported conduct that was not claimed or known to Mickey Group at the time of Mr. Wisnefski's terminated is irrelevant to this action, because it cannot have formed the "cause" for his termination at that time. Plaintiff further objects that this interrogatory is unduly burdensome, overbroad, and disproportionate to the needs of the case based upon the size of this action.

20. All documents and communications generated by any institution, account, or program identified in response to Interrogatories 19 or 20 related to Plaintiff buying, selling, or otherwise trading any stock, option, commodity, or other security (registered or unregistered) or interest in any security at any time between July 1, 2022, and March 31, 2023.

**RESPONSE:** See Response to Request No. 19 above.

                          Respectfully Submitted,
                          Plaintiff, Michael Wisnesfki

By:    /s/ Andrew J. Cunniff, Esq.
         One of His Attorneys

John D. Galarnyk, Esq. #6191543
Andrew J. Cunniff, Esq. #6308820
John A. Romanucci, Esq. #6333257
GALARNYK & ASSOCIATES, LTD.
55 W. Monroe Street, Suite 3600
Chicago, Illinois 60603
312-441-5800
John@galarnykltd.com
Andrew@galarnykltd.com
Johnr@galarnykltd.com